NEWMAN *v.* CITY OF ANN ARBOR.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—EVIDENCE.
   Testimony that a sidewalk contained a hole, described as being between two planks, a foot long, three inches wide for half the length, wider at the bottom than the top, tapering at the ends, one of the boards having rotted out full depth, more at the bottom than the top,—justifies a verdict that the walk was not reasonably safe and fit for travel.

2. SAME—INSTRUCTIONS.
   The charge of the circuit judge, relating to the liability of a city for injuries received from a defective sidewalk, approved.

Error to Washtenaw; Kinne, J.   Submitted April 9, 1903.   (Docket No. 17.)   Decided July 8, 1903.

Case by Mattie R. Newman against the city of Ann Arbor for personal injuries caused by a defective sidewalk. From a judgment for plaintiff, defendant brings error. Affirmed.

*Frank A. Stivers*, for appellant.

*Mary C. Whiting* (*Frank E. Jones*, of counsel), for appellee.

MOORE, J. Plaintiff claims to have received severe injuries by stepping into a hole in a defective sidewalk. She recovered a judgment for $500. The defendant brings the case here by writ of error.

We shall not attempt to discuss all the assignments of error, but only those which seem to be important. It is the claim of the city that, giving the testimony the most favorable construction possible for the plaintiff, it discloses that the walk was reasonably safe and fit for travel, within *Jackson* v. *City of Lansing*, 121 Mich. 279 (80 N. W. 8), and other cases, and that the circuit judge should have directed a verdict in favor of the city. We cannot agree with this contention. The injury occurred upon a plank walk. The plaintiff offered testimony tending to show it had been out of repair a long time, and that plaintiff stepped into a hole of a dangerous character, which one of the witnesses described as being "between two planks, where the boy told me she had fallen. It was perhaps a foot long, but not full width all of that length. Perhaps half of the length there was a space about three inches wide, and a little wider at the bottom of the space than at the top, tapering at the ends. The boards were rotted out, or one of the boards, at least, was rotted out, full depth, and a little more at the bottom than it was at the top. That is where he said her foot went in." Such a place in a plank walk would present a very different situation from that disclosed in the cases cited. On the part of the city it was denied that any such hole existed, and testimony was given tending to show the walk was reason-

ably safe. This raised a question of fact, which was proper for the jury.

Complaint is made of the refusal of the court to give certain written requests on the part of defendant. The circuit judge, among other things, said to the jury:

"In this case, in order for the plaintiff to recover, at least four things must appear by a fair preponderance of the evidence, and the burden is upon the plaintiff to establish these four things by a fair preponderance of the evidence:

"(1) That the sidewalk, at the place where the injury was received, was not in reasonable repair and reasonably safe and fit for public travel, and that the defect was the very one complained of in the declaration. Of course, it would be of no importance what the condition of the walk was except at the point where she met with her injury.

"(2) That the city, by or through its public officers whose duties are to inspect and repair the sidewalks, had notice or knowledge, either actual or constructive, of the defect complained of, and that the city, through its proper officers, had reasonable time and opportunity, after such knowledge or notice, to repair the defect, and that the city did not use reasonable diligence therein after such knowledge or notice.

"(3) That the plaintiff was injured by reason of the defect complained of, and that by reason thereof plaintiff has sustained damage.

"(4) That the plaintiff was free from negligence herself, and that she was guilty of no contributory negligence whatever which in any way contributed to the injury received.

"That is, it is incumbent upon the plaintiff to satisfy you of these four propositions by a fair preponderance of the evidence.

"On the subject of notice, I may say, further, that the plaintiff must establish, by a fair preponderance of the evidence, that the city had knowledge, either actual or constructive, of the identical hole into which the plaintiff stepped, and that, after such knowledge, they had sufficient time and opportunity to have repaired the place before the accident; and I further instruct you that the existence of other holes in this walk, of whatsoever kind or character they may appear by the testimony in the case, is no proof whatever of the existence of this particular

defect where she claimed to have met with her accident. Before the plaintiff can recover, it must be established, by a fair preponderance of the evidence, that this identical hole was itself in existence prior to the 3d day of September, 1900, and this must appear from the proof in the case.

"In order for the plaintiff to recover in this case, she must satisfy you, by a fair preponderance of the evidence, that she herself was entirely free from neglect, and did not, by reason of her conduct, carelessness, or heedlessness, contribute to the accident. Of course, if she had any previous knowledge of the poor condition of this walk, it created a further and higher obligation upon her to give it due care and attention in crossing it.

"The legislature of this State has made it a duty of the city to keep in reasonable repair, so that they will be reasonably safe and fit for public travel, all sidewalks within its jurisdiction. The law does not require that the sidewalks shall be kept absolutely safe, but only reasonably so. It is the duty of the defendant to exercise, through its officers and agents, a reasonable and supervisory care over its sidewalks, and, within reasonable limits, to be watchful of their condition and safety. The defendant is not bound to extraordinary diligence, but only to ordinary and reasonable care and diligence. It is not an insurer of safety, and does not undertake to warrant against accidents and injuries. Nor will the city be liable for a defect that is practically unavoidable, or for injuries that are clearly accidental. It is not obliged to make and keep its walks in perfect condition. The place where the walk is should also be considered. It is a sufficient defense for the city in this case if the sidewalk in question, at the place in question, was in a condition reasonably safe and fit for travel at the time the plaintiff claims to have been injured. It cannot be held liable unless the walk at that point was not reasonably safe and fit for public travel, considering its location and the travel likely to pass over it. The plaintiff must also have been injured by reason of the particular defect in the sidewalk."

There was testimony tending to support the claim of plaintiff. The case was submitted to the jury under a very clear statement of the law.

Judgment is affirmed.

The other Justices concurred.