WILSON v. TOWNSHIP OF COE.

1. MUNICIPAL CORPORATIONS — DEFECTIVE HIGHWAY — EVIDENCE — QUESTION FOR JURY.

In an action against a township for personal injuries caused to plaintiff when the automobile in which she was riding in the nighttime slid into a ditch five deep when it was turned to the right to within six inches of the edge of the embankment to allow another car to pass, evidence that the roadway was 15½ feet wide, that it was only six feet from the center of the wrought portion to the edge of the embankment, that it was undermined about a foot, that this condition had existed about a year, and was obscured by the growth of grass over it, *held,* sufficient to carry to the jury the question as to whether the highway at said point was reasonably safe and fit for public travel, although there was room for two cars to

Imputed negligence of passenger riding in automobile driven by another precluding recovery against third person for injury, see note in L. R. A. 1915B, 953.

pass easily had the drivers known the condition of the road.[1]

**2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE IMPUTABLE TO PASSENGER IN AUTOMOBILE.**

Negligence, if any, of the driver of an automobile, is imputable to an adult passenger injured through a defect in the highway.[2]

**3. MUNICIPAL CORPORATIONS—NEGLIGENCE—NO CONTRIBUTORY NEGLIGENCE WHERE DANGER UNKNOWN — DEFECTIVE HIGHWAY — NOTICE.**

Although there was no necessity for the driver of the car to drive as close to the edge of the embankment as he did, his conduct in that respect did not constitute contributory negligence as a matter of law, since he could have driven where he did in safety but for the fact, of which he had no notice, that the roadway at that point was undermined.[3]

**4. SAME—CONTRIBUTORILY NEGLIGENT WHERE DANGER COULD HAVE BEEN FORESEEN.**

To render the driver negligent, the danger must have been so apparent that it could have been foreseen by him by the exercise of ordinary care.[4]

Error to Isabella; Hart (Ray), J. Submitted October 20, 1925. (Docket No. 98.) Decided December 22, 1925.

Case by Lilly Wilson against the township of Coe for personal and other injuries caused by a defective highway. Judgment for plaintiff. Defendant brings error. Affirmed.

*Dodds & Dodds* and *Virgil W. McClintic,* for appellant.

*F. H. Dusenbury* and *James E. Ryan,* for appellee.

SHARPE, J. On July 20, 1924, at about 10 o'clock at night, plaintiff was riding in the back seat of a Dort touring car, driven by her son-in-law, Ora Ruth-

[1]Municipal Corporations, 28 Cyc. p. 1504; [2]Negligence, 29 Cyc. p. 548; [3]Municipal Corporations, 28 Cyc. p. 1425; [4]Id., 28 Cyc. p. 1424.

ruff, on the town line road between the townships of Coe and Lincoln, in the county of Isabella. It is conceded that the duty rested on the defendant to keep this highway in repair. Plaintiff's husband and son sat in the seat with her, and Mrs. Ruthruff beside her husband in the front seat. They were driving from plaintiff's home to the home of a relative named Taylor, where plaintiff's husband was to meet one Dickson and ride with him to Lansing. A culvert or bridge crossed the road a little to the north of Taylor's house. As Ruthruff's car, going south, started down the incline leading to the bridge, its occupants saw the light of a car leave Taylor's house and approach them. They supposed it was Dickson's car. When about 60 feet north of the bridge, Ruthruff turned his car to the right, and stopped just before meeting the approaching car. There was a ditch along the highway at this point, and, when the car stopped, its wheels on the right-hand side were within about 5 inches of the edge of the embankment. A few moments later, these wheels began to settle or slide sideways to the west, and continued going over until the car was nearly "upside down." The occupants, except the plaintiff, succeeded in crawling out of the car. She was pinned down, and could not rise. They were unable to lift the car up, and had to turn it completely over in order to release her. She brought this action to recover damages for the injuries thus sustained by her. Ruthruff's car was badly broken up. He assigned his claim for damages therefor against defendant to plaintiff. She had verdict for $1,445. The defendant reviews the judgment entered thereon by writ of error.

We will consider the assignments in the order discussed by counsel.

1. Was Defendant Guilty of Negligence? Plaintiff's proofs tended to show that the width of the

embankment at the place where the car was stopped was 15½ feet, of which several feet was covered with quite tall grass; that on the west side, where the car stopped, it was but 6 feet from the center of the wrought portion of the road to the edge of the embankment; that the ditch at that point was nearly 5 feet deep; that a drain or ditch from land to the west led into that alongside the road at the place the car stopped, and had undermined the bank about a foot, and that this condition had existed for about a year, and was obscured by the growth of the grass over it.       While defendant had proof that the roadbed was wider and that it had been traveled in safety, we are impressed that the situation was aptly described by the witness George Lesh, who carefully examined it soon after the accident:

"There would have been room for two cars to pass easily if they had known the condition of the road."

We are satisfied that the proof carried the question to the jury as to whether the highway at that point was reasonably safe and fit for public travel.

2. Was Plaintiff Guilty of Contributory Negligence? Under our decisions, the negligence, if any, of the driver is imputable to plaintiff.       *Geeck* v. *Luckenbill,* 215 Mich. 288, and cases cited.       It is urged that there was no necessity for Ruthruff to drive his car so near the edge of the embankment, and that his doing so was negligence on his part.       While it is true that the cars might have passed without his driving so close to the ditch, we are unwilling to say as a matter of law that it was negligent for him to do so.       There was nothing to indicate to him that the bank where he stopped had become undermined by the water flowing into the ditch from the west.       Had it not been so, he could doubtless have stopped where he did with safety.       To render him negligent in this respect, the danger must have been so apparent that it could have

been foreseen by him by the exercise of ordinary care. *Newman* v. *City of Ann Arbor*, 134 Mich. 29.

These are the only errors discussed. We have, however, examined the other assignments, and find them to be without merit.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.