STUART *v.* BOARD OF COUNTY COMMISSIONERS OF CUYAHOGA COUNTY.

(Decided December 17, 1928.)

*Mr. J. DeKaiser* and *Mr. M. C. Harrison,* for plaintiff in error.

*Mr. E. C. Stanton* and *Mr. Donald Kennedy,* for defendant in error.

SULLIVAN, P. J. This cause is here on error proceedings from the court of common pleas of Cuyahoga county, and there is involved the construction and interpretation of Section 2408, General Code of Ohio, which appertains to the liability of the board

of county commissioners by reason of injuries growing out of county highways out of repair, which condition is the proximate cause of the injuries of which there is complaint.

The board, through counsel, at the close of the opening statement of counsel for plaintiff in error, Nina Stuart, moved for a directed verdict, and, this motion having been sustained, a verdict was returned by the jury and judgment thereon pronounced by the court.

It is argued that, because the injuries arose subsequent to the improvement of the road, which improvement was of sufficient width to provide for regular and ordinary travel, there is no liability, especially as it appears by the record that the road as improved was not out of repair, and the defect in the highway was to the side of the improvement, and near the curb, and included that portion of the road unimproved.

The court held, as a matter of law, that inasmuch as the road as improved was not out of repair, and the defect in the road was off the line of improvement, there can be no recovery, and a long list of cases, especially applying, however, to municipalities, is cited to show that the position of the trial court is upheld by the trend of decisions.

It appears from the record that the plaintiff was traveling south on Lee road, and that upon leaving this road and entering upon what is known as Shaker Heights village road, the latter is so narrow that the improved portion of the village road does not coincide with the width of Lee road, which enters it, and over which it is necessary to travel to go south on said Shaker Heights village road. There

is one significant fact in this case which we think distinguishes it from the cases cited, and that is that the plaintiff, by keeping in a course due south, and not deviating in any manner from the direction traveled on Lee road, was confronted, at 9 o'clock at night, August 8, 1926, with the defect in the road which caused the alleged injuries, and which was, as herein noted, directly in the line of her travel, having in mind the course pursued on Lee road. This one circumstance distinguishes the cases that are cited by able counsel for defendant in error, in which it is held that one traveling upon a highway which is improved, and which is sufficient in width to take care of the travel, cannot recover if he deviates from his course and injury thereby ensues by reason of a defect in the roadway which is not a portion of the improvement. This distinguishing fact is similar in nature to instances where a traveler upon an improved highway, in order to pass traffic coming toward him, may find it necessary in order to do so to leave the improved portion of the highway and occupy, while the vehicles are passing, that portion of the roadway which is unimproved.

It cannot be said that there is any authority under such circumstances that would relieve the board of county commissioners from liability, because, of necessity, the unimproved portion of the highway had to be called into requisition for the purpose of travel. Other circumstances of a similar nature might arise, such as when in order to escape a defect in a portion of the improved part of the highway it becomes necessary to use the unimproved portion for the purpose of passing in safety, and then, if in so doing a defect in the unimproved portion of the

highway was the proximate cause of the injury, it cannot be said that under such circumstances there would be no liability, even under the authorities cited by counsel for defendant in error. Simply because the road was improved for a portion of its width is no reason for barring the public with vehicles from using the unimproved part of the road, necessity requiring and the circumstance making it necessary. This conclusion would be bereft of all logic, because there is nothing in the statute which bars the public from the use of the highway itself to the full limit of its legal width, especially if it becomes necessary by reason of any fact or circumstance to leave the improved portion of the highway. The improvement of a portion of the highway does not vacate the balance of the road, and the construction of the improvement is no abandonment of the unimproved portion of the road by the board of county commissioners, and neither is the improvement any notice or warning to the public that the unimproved portion of the highway, if fit for travel, cannot be used for that purpose.

The plaintiff in error relies upon the case of *Guernsey County Commrs.* v. *Black,* 25 C. C. (N. S.), 415, 24 C. D., 164, which was affirmed without opinion in 88 Ohio St., 587, 105 N. E., 767, and counsel for defendant in error claim that this authority does not apply to the case at bar for the reason that the accident occurred upon the improved part of the road; but a reading of the fourth paragraph of the syllabus will dissuade one from such a view. It reads:

"A person traveling along a highway is not chargeable with contributory negligence in permit-

ting the wheels of one side of his vehicle to get just outside of the macadamized part of the road, where a hole existed into which the wheels dropped causing the accident complained of.''

Again it will be noted, as bearing upon this point, that the very language of the court, in the last paragraph of the opinion, takes the view that there is a liability even though the vehicle in question was partly off and partly on the improved highway. We read:

''Now, this man, Mr. Black, was very close, evidently—very close to the traveled part of the highway, and the wheels upon one side of his buggy were only off from it when he went into this hole. Under such circumstances we do not feel we can say he was guilty of contributory negligence; and under the evidence and the law of the case we are inclined to think that the judgment should be affirmed, and that is the judgment of this court.''

In order to be relieved from liability, the consolation from a denial of liability must come from the statute. That is the fundamental organic structure of the whole situation, and a reading of Section 2408, General Code, is absolutely unambiguous with respect to the subject-matter being ''any public street or county road,'' and it will be noted that the provision relating to the liability of the board uses the following language, which places no limitation upon the width of the road as originally and legally dedicated or established: ''The Board shall be liable * * * in not keeping any such road * * * in proper repair.''

The statute designates the road and the absence of vacation or abandonment by some legal pro-

cedure; the intent of the Legislature is clear that the entire road was involved. We find corroboration of our reasoning as to the construction of the statute in question by the ruling of the Supreme Court on December 12, 1928, refusing a motion to certify cause No. 21332, *Bales, Admx.,* v. *Board of County Commrs. of Cuyahoga County, ante,* 249, 164 N. E., 791, which was a case where this court held that a road, even though perfect in construction, was out of repair, which had piled upon it a load of slag which was the proximate cause of an injury to the decedent of the administratrix. This court interpreted the statute with a favorable view to the safety of the traveling public, and in the instant case we feel justified in relying upon the same principle and the same doctrine.

From the record in the case it is clear that the road in question was a county road, and that Section 2408, above noted, applied thereto. There can be no question that the defective condition which is alleged to have been the proximate cause of the injury existed for that length of time which would at least be equivalent to constructive notice.

Another aspect of the case, from a reading of the record, is that from the opening statement of counsel there issued the question, not only of negligence, but of contributory negligence, and there is nothing in the statement to show that either question could be determined as a matter of law by the court, and therefore they were questions of fact which in our judgment ought to have been submitted to the jury, and when the court sustained the motion to direct a verdict for the defendant below it committed error which is prejudicial in its effect and nature.

It is our opinion that the several cases cited by counsel for defendant in error do not apply to the record of the case at bar, and, to the contrary, it is our judgment that *Commissioners* v. *Black, supra,* and the recent affirmance by the Supreme Court in the *Bales case, supra,* as above noted, by its refusal to grant a motion to certify, have direct application to the case at bar and to our views as to the law of the case at bar.

The judgment of the common pleas court is hereby reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

VICKERY and LEVINE, JJ., concur.