**STARLING v BOARD OF COUNTY COMMISSIONERS OF PORTAGE CO**

Ohio Appeals, 7th Dist, Portage Co

Decided Sept 19, 1935

W. J. Beckley, Ravena, for plaintiff in error.

S. L. Summers, Ravenna, and V. W. Filiatrault, Ravenna, for defendant in error.

## OPINION

By NICHOLS, J.

This cause comes into this court on error from the Common Pleas Court of Portage County, Ohio. The parties remain in the same relative position as in the Common Pleas Court, and will be referred to herein as plaintiff and defendant.

· Plaintiff's action was instituted against the defendant under authority of §2408, GC, wherein it is provided:

"The board * * * shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any such (county) road * * * in proper repair."

The plaintiff claimed damages for injuries alleged to have been received by her when riding as a guest in an automobile driven by her sixteen-year-old son, upon a county highway known as the Mogadore-Pero road in Portage County.

It is alleged in plaintiff's amended petition that the road had a fourteen-foot concrete pavement and at a certain point thereon, on the northerly side thereof the defendant had negligently, recklessly and carelessly permitted a deep and dangerous ditch or washout and ruts to exist; that such ditch was approximately one foot or more in length and extended northerly and at right angles to the paved portion of the road, and the ruts were deep excavations extending easterly forty feet or more from the ditch or washout, and were parallel to and immediately contiguous to the north edge of the concrete pavement.

The answer of the defendant admits the official capacity of the commissioners, and that the Mogadore-Pero road is a duly dedicated county highway improved with concrete, and denies all other material averments of the petition.

The answer of the defendant further alleges that plaintiff's injuries, if any, were caused solely by her own negligence in the operation of the automobile in which she was riding by her agent who, at the time was engaged in the business for her, acting within the scope of his authority and in the exercise of his duty as her agent.

The answer further alleges contributory negligence of the plaintiff in the operation of the car by her agent engaged in business for her, acting within the scope of his authority and in the exercise of his duty as such agent.

The reply of plaintiff denies negligence and contributory negligence on her part, and denies that the son was her agent in driving said automobile at the time, and denies that the son was negligent in any wise directly or proximately causing plaintiff's injury.

The cause coming on for trial to a jury, at the close of plaintiff's case the defendants moved to arrest the evidence from the jury and for a directed verdict for defendant, which motion was sustained by the court, and the jury was directed to return a verdict for the defendant on the ground "that the evidence in this case shows a cause contributed to on the part of the plaintiff through her agent in the operation of this automobile."

Exceptions were noted for the plaintiff, motion for a new trial filed and overruled, and error duly prosecuted to this court.

As stated above, the trial court directed

the verdict in favor of the defendant on the sole ground "that the evidence in this case shows a cause contributed to on the part of the plaintiff through her agent in the operation of this automobile."

We assume that the trial court intended by this language to state that the evidence introduced on behalf of the plaintiff shows as a matter of law: First, that the son of plaintiff in the operation of the automobile at the time and place was the agent of the mother, acting in the course of his employment and within the scope of his authority; and second, that in the operation of the automobile at the time and place the son was guilty of negligence which directly and proximately contributed to the injury of plaintiff.

There has been no serious claim made in the oral argument or in the brief of counsel for plaintiff that the court was not justified in finding from the evidence, as a matter of law, that the son was at the time acting as the agent of the mother in the operation of this automobile, and we think that, from the evidence on this subject, reasonable minds could not differ, but would find that the son was acting as agent of the mother in the operation of this motor vehicle at the time of the accident resulting in the claimed injuries to the plaintiff.

The evidence clearly shows that the automobile did not belong to the son, but was the property of the husband of plaintiff; that the plaintiff was not an invitee or guest of the son, but that the son "drove for the mother * * * when they were visiting," and that the mother gave the son directions and he "followed her directions, in the operation of the automobile."

In her testimony, the mother does not deny the testimony given by the son, without objection, that he was taking her to visit friends, and that he drove for her and followed her directions.

It is the claim of plaintiff that, under the rules of law governing the court in passing on this motion for a directed verdict, the court erred in finding, as a matter of law, that the son was guilty of negligence in the operation of the automobile at the time and place, which negligence was a proximate cause of the accident and resulting injuries to plaintiff, even though it be decided that at the time the son was acting as the agent of the plaintiff.

On the other hand, it is contended by counsel for defendant that, even though the court may have been wrong in finding as a matter of law, that the son as agent of the mother, was guilty of negligence which contributed directly and proximately to plaintiff's injuries, nevertheless, the action of the court in sustaining defendant's motion for a directed verdict was right, because, as claimed by counsel for defendant, the facts developed by plaintiff's evidence show that no liability attached to the defendant, and that the evidence does not disclose either actual or constructive notice to the defendant of the claimed defective condition of the highway which was the proximate cause of plaintiff's injuries; and that the evidence shows that plaintiff's injuries were caused by plaintiff's sole negligence in the operation of the automobile by her agent.

It is claimed, of course, by counsel for defendant, that the court properly found as a matter of law, that the plaintiff through her agent was guilty of contributory negligence which was a proximate cause of her injury.

In determining the questions thus involved, we have certain well-established rules to govern us.

First: "The doctrine is well established that the provisions of the statutes hereinabove referred to, being in derogation of the common-law rule governing the liability of boards of county commissioners in such cases, are to be strictly construed and will not be extended beyond the plain meaning of their terms." 20 **Ohio Jurisprudence,** 940, and cases cited.

Second: "Upon a motion for a directed verdict the evidence must be given an interpretation most favorable to the plaintiff, and a directed verdict should be refused if a reasonable inference of due care may be drawn from the evidence adduced." **Martin, Jr. v Heintz, 126 Oh St, 227,** 184 NE, 852.

"Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor."

"Where from the evidence reasonable minds may reach different conclusions upon any question of fact, such question of fact is for the jury. The test is not whether the trial judge would set aside a verdict on the weight of the evidence." **Hamden Lodge No. 517, Independent Order of Odd Fellows v Ohio Fuel Gas Co., 127 Oh St, 469.** 189 NE, 246.

"Whenever, from conflicting evidence of the same witness or of different witnesses,

it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury." **Painesville Utopia Theatre Co. v Lautermilch, 118 Oh St, 167, 160 NE, 683.**

"It is error for a trial judge, when the evidence is in conflict in a jury trial, to withdraw a question of fact from the consideration of the jury and charge the jury what the facts are as a matter of law." **Taylor v Schlichter, 118 Oh St, 131, 160 NE, 610.**

"In the trial of an action for damages for death by wrongful act, upon a motion being made by defendant for a directed verdict at the close of plaintiff's case, upon the ground of the contributory negligence of the decedent, the evidence should be given the most favorable interpretation in behalf of plaintiff, and, if a reasonable inference may be drawn from such evidence that the decedent was exercising due care, such motion should be overruled and the question of contributory negligence submitted to the jury, under proper instruction." **Babbitt v Say, Admr., 120 Oh St, 177, 165 NE, 721.**

Keeping these rules in mind, we take up first, the question whether, under the facts developed in this case, §2408, GC, imposes a liability on the part of the defendant to keep in repair any portion of this county highway other than the concrete slab or strip fourteen feet in width. In other words, whether there is liability on the part of the defendant to keep in repair that part of the county highway commonly called the "berm," being in this case a strip of roadway from two and one-half feet to five feet in width immediately contiguous to and north of the fourteen foot concrete section with which this highway had been improved by the defendant and in which concrete section it is conceded there were no defects other than that the same sloped slightly to the north.

In determining this question of liability we must give to §2408, GC, a strict construction, and the language of that section must not be extended beyond the plain meaning of its terms. But "in order to be relieved from liability, the consolation from a denial of liability must come from the Statute."

A reading of §2408, GC, shows that its language is absolutely unambiguous with respect to the subject-matter, and places no limitation upon the width of the road as originally and legally dedicated or established; "the board shall be liable * * * in not keeping any such road * * * in proper repair."

The statute designates the "road" and in the absence of vacation or abandonment by some legal procedure the intent of the Legislature is clear that the entire road was involved. **Stuart v Board of County Commissioners of Cuyahoga County, 30 Oh Ap, 283, 165 NE, 53.**

In the instant case we have only to consider whether the defendant was bound under the statute to keep in repair, not the entire road, but that part which, giving to the evidence a construction most favorable to plaintiff, was improved with gravel for a width of about two and one-half feet, immediately contiguous on the north of the concrete strip. We see nothing in the language of the statute which relieves the defendant from the duty to keep this strip, commonly called the "berm," in repair.

The syllabus of the last cited case reads as follows:

"1. Improvement of portion of highway does not vacate balance of road, and construction of improvement is not abandonment of unimproved portion by board of county commissioners.

"2. Improvement of portion of highway is not notice or warning to public that unimproved portion of highway, if fit for travel, cannot be used for that purpose.

"3. Sec 2408, GC, relative to liability of board of county commissioners by reason of injuries growing out of county highways out of repair, held to apply where defect in highway was to side of improvement and in unimproved portion of road, and plaintiff was injured when entering such highway at night and traveling in straight course from highway on which improved portion was wider."

The last cited case follows the decision of our own District Court of Appeals of Ohio in the case of **Guernsey County Commissioners v Black, 25 C.C. (N.S.), 415, 24 C.D., 164,** which was affirmed without opinion in **88 Oh St, 587, 105 NE, 767.**

In **Stuart v Board of County Commissioners of Cuyahoga County, supra,** the court further says, in the opinion:

"We find corroboration of our reasoning as to the construction of the statute in question by the ruling of the Supreme Court on December 12, 1928, refusing a motion to certify cause No. 21332, Bales, Admrx. v Board of County Commissioners of Cuyahoga County, ante, 249, 164 NE 791, which was a case where this court held that a road, even though perfect in construction, was out of repair, which had piled upon it a load of slag which was the proximate cause of an injury to the decedent of the administratrix."

This court interpreted the statute with a favorable view to the safety of the traveling public, and in the instant case we feel justified in relying upon the same principle and the same doctrine.

The case of Guernsey County Commissioners v Black, supra, is likewise authority for the proposition that "a person traveling along a highway is not chargeable with contributory negligence in permitting the wheels of one side of his vehicle to get just outside of the macadamized part of the road, where a hole existed into which the wheels dropped causing the accident complained of."

This Seventh District Court of Appeals in Guernsey County v Black, supra, has taken the position that there is liability on the part of the commissioners even though the vehicle in question was partly off and partly on the improved portion of the highway; that the liability of the commissioners to keep the highway in repair is not limited to the portion of the highway which, in our case, was improved with the fourteen foot concrete strip.

The same proposition has been taken to the Supreme Court of Washington in the case of Blankenship v King County, 68 Wash., 84, 122 P., 616.

We quote from the syllabus in the above cited case, as follows:

"A county cannot escape liability for obstructions in the portion of a county road in which the public is invited to travel, by the fact that there was a sufficient way left open to avoid the obstructions.

"Where a county road, macadamized for a width of sixteen feet along its center, was graded and traveled for a width of twenty four feet, it is for the jury to say whether the entire improved portion was intended for travel; and the county is liable for obstructions placed in the traveled portion of the road at the edge of the macadam.

"Constructive notice of obstructions in a county road is shown by the fact that large granite blocks were suffered to remain in the traveled portion of a county road for a period of five months.

"The driver of a team, who in the night-time ran against a large granite block in the traveled portion of a county road, at the edge of the sixteen-foot macadamized center, is not guilty of contributory negligence, as a matter of law, from the fact that he had often seen and knew of the location of the obstructions, where the night was dark and rainy, he was keeping well to the right to avoid approaching vehicles, and his team had a short time before become frightened and increased its speed."

Now, giving to plaintiff's evidence in this case the construction most favorable to plaintiff, we come to the second question: Is there any evidence in the record from which reasonable minds could find that the defendant had notice, either actual or constructive, of the out of repair condition of this road at the time of the occurrence related?

Giving the evidence such construction most favorable to plaintiff we find there is evidence in the record tending to show that for as much as two years previous to the date of plaintiff's injury there existed a rut of approximately eight to ten inches deep immediately adjacent to the concrete portion of this road and on the north side thereof, the rut being four to six inches wide, and creating a condition of danger to persons traveling on this highway, and, in addition, there is evidence of witnesses offered by plaintiff that they had personally notified the defendant of the dangerous condition existing along this highway previous to plaintiff's injury, and **without objection** evidence was admitted showing that within a month after the accident the defendant made repairs and improvements of the highway at the place where this accident occurred.

From the record we find there is abundant credible evidence from which reasonable minds might find that the defendant had notice, either actual or constructive, of the out-of-repair condition of this road at the place in question, and by the exercise of ordinary care it would have discovered the ditch running at right angles to the concrete, being the ditch into which, as shown by the evidence, plaintiff's car dropped and broke off the rear right wheel.

Now lastly, giving to the evidence the construction most favorable to plaintiff, was

this evidence such that reasonable minds could come to no other conclusion than that the plaintiff, through her agent, was guilty of negligence which was the sole cause of her injuries or negligence which contributed directly and proximately to her injuries?

We have read this evidence very carefully and have come to the conclusion that this question of negligence and contributory negligence was one wherein the facts were in conflict, but from which the jury might reasonably find that there was no negligence or contributory negligence on the part of the plaintiff, conceding that the son was her agent in the operation of the automobile at said time and place.

If we are right in our conclusion that this portion of the highway, commonly called the berm, was such part of the highway that the defendant was required to keep in repair, then the plaintiff had the right to drive upon this portion of the highway under the circumstances shown by the evidence in this case. The son having testified that immediately previous to the accident he had passed another car going in the opposite direction at a point where the road curved to the left; that he pulled over to the right to pass the other car and dropped into the rut along side the concrete, and being unable to get out of the rut, the car went into the ditch running at right angles to the concrete and there broke off the wheel of the car in which plaintiff was riding, turning it over down the embankment, whereby plaintiff received certain injuries.

The evidence discloses that the son was driving at a reasonable rate of speed, to-wit, about twenty to twenty-five miles per hour, and while there is some conflict as to whether or not the automobile in which plaintiff was riding went off the concrete and into the rut before or after passing a drive-way leading from the concrete into the premises adjacent thereto, this conflicting evidence created a situation wherein it was proper to submit the question of contributory negligence to the jury.

We conclude that the trial court invaded and usurped the function of the jury in sustaining the motion for a directed verdict in this case, and, for that reason, the judgment of the Common Pleas Court is reversed and this cause remanded to that court for further proceedings according to law, it being our conclusion that substantial justice has not been done in said court.

Judgment reversed.

ROBERTS and CARTER, JJ, concur.