15538

HARRISON v. MORAGNE *ET AL.*

(25 S. E. (2d), 742)

January, 1943.

*Mr. Samuel Want, Mr. Sam Rogol,* and *Mr. L. M. Lawson,* all of Darlington, Counsel for Appellants,

*Messrs. Mozingo & Watts,* of Darlington, S. C., Counsel for Respondent,

May 7, 1943.

CIRCUIT JUDGE PHILIP H. STOLL, ·ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

Appellants' brief presents five questions for determination. These questions, however, may be classified under two general heads; one directed to the demurrer to the amended complaint, and the other to the motion for nonsuit.

This action was begun by the service of a summons and complaint dated October 1, 1940. To the complaint the defendants duly demurred, which demurrer was sustained by Judge Dennis, resident Judge of the Fourth Circuit, with leave to the plaintiff to serve an amended complaint. On December 9, 1940, an amended complaint was served, and against the amended complaint a demurrer was also directed on the same grounds as the demurrer to the original complaint. This second demurrer was also heard by Judge Dennis, who overruled the same.

The appellants duly answered and the cause came on for trial before Judge Greene, as presiding Judge.

At the conclusion of respondents case the appellants moved for a nonsuit which was granted with respect to respondent's claim for damages to the truck and to the con-

tents thereof, because the evidence disclosed that the truck and contents were not owned by the respondent, but were owned by a partnership, of which the respondent was a member. Nonsuit was refused with respect to respondent's claim for damages for personal injuries.

The defendants offered no testimony. The jury returned a verdict in favor of respondent for the sum of three thousand dollars.

It is the contention of appellants that the demurrer to the amended complaint should have been sustained because (a) there is no showing of negligence on the part of the appellant; (b) it appears that the accident was due to contributory negligence on the part of the respondent.

Did the amended complaint state any delicts on the part of the defendant Moragne sufficient to predicate an action for damages for personal injuries? We think it did.

It was alleged that the defendant Moragne was the contractor charged with building, grading, surfacing and improving highway No. 52; that he caused a sign without words or markings on the Florence side thereof to be placed in the center of the paved road; that the sign was so placed that it was impossible for a truck driver to pass it without hitting it or running off the pavement; that the shoulder was five inches lower than the pavement at the point where the sign was placed; that in driving past the sign he turned to the right to avoid hitting the sign and the rear right wheel of his truck dropped from the pavement to the shoulder of the road so suddenly and unexpectedly that the truck was overturned; that the highway was open for traffic and there were no warning signs or markings to warn plaintiff that there was a drop at the edge of the pavement.

In Paragraph 7 of the amended complaint the plaintiff alleges that the injury and damage sustained by him was caused proximately and entirely by the willful, wanton and gross negligence of the defendant Moragne in performing the duty he owed to the traveling public and the plaintiff in

particular, and sets out the eight grounds of negligence upon which he relied.

> For the purposes of a demurrer the allegations of the complaint are taken as true, and the test, is whether the allegations, thus admitted, state a cause of action. *Herndon v. Continental Casualty Co.,* 144 S. C., 448, 142 S. E., 648.

Section 477, Volume 1, Code of Laws 1942 reads: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

In the instant case the major acts of negligence in the complaint were (1) the placing of an obstruction in the center of the paved highway; (2) the presence of a hole or drop in the shoulder of the highway beside the pavement; and (3) failure to give any warning of the dangerous situation existing at the point where the accident occurred. The complaint contains eight specifications of negligence embracing these three major acts.

In *Latimer v. County of Anderson,* 95 S. C., 187, 78 S. E., 879, it was held that the county was liable for damages when injury resulted to a traveler on the county highway resulting from a rope stretched across the road some distance from the place where the work of repairing the road was going on.

In *Livingston v. South Carolina State Highway Department,* 178 S. C., 323, 183 S. E., 8, it was held that the highway department must maintain in reasonably safe condition for travel that portion of roadbed which is set aside and maintained in such condition as to invite its use for travel by the public.

In *Inabinett v. State Highway Department,* 196 S. C., 117, 12 S. E. (2d), 848 it was held actionable negligence to allow a defective tree to stand out of its right-of-way, if in falling it became a menace to travelers and by falling resulted in injury to traveler on highway.

In *Morgan v. Greenville County,* 189 S. C., 368, 1 S. E. (2d), 144, a verdict for plaintiff was affirmed. In that case an accident resulted from alleged improper maintenance of the highway where plaintiff's automobile ran into a wash-out adjoining the hard-surfaced road.

Allegations of a complaint that specify mismanagement and defects in the repair of a highway in certain particulars therein enumerated, and that such acts were willful and negligent and the proximate cause of plaintiff's injury state a cause of action.

Appellants also contend that the allegations of the amended complaint affirmatively disclose contributory negligence on the part of the respondent. We are unable to follow the appellants' reasoning in this respect. In the amended complaint that the plaintiff disavows any knowledge that the highway was under construction at the place of the accident, or that he was aware of defects in the shoulder of the highway in close proximity to the pavement at place of the accident.

To hold that under the allegations of the amended complaint the plaintiff admitted his own negligence and that such negligence was the proximate cause of his injury would be to enlarge the complaint with conclusions beyond the scope of the alleged facts.

It is further contended by appellants that the demurrer to the amended complaint should have been sustained for the reason that the ruling of Judge Dennis sustaining the demurrer to the original complaint required a similar ruling on the demurrer to the amended complaint. Appellants insist that there is no material difference between the allegations of the original complaint and the allegations of the amended complaint, and therefore, Judge Dennis having sustained the demurrer to the original complaint could not reverse himself and overrule the demurrer to the amended complaint.

Unfortunately the record does not disclose Judge Dennis' reasons for sustaining the demurrer to the original com-

plaint or for overruling the demurrer to the amended complaint.

An examination of both complaints discloses some material differences between the original and the amended complaint, but a discussion of same would serve no useful purpose, since we have reached the conclusion that the amended complaint states a cause of action and the demurrer to same was properly overruled.

The remaining question raised by the appeal is whether or not Judge Greene should have granted appellants' motion for a nonsuit.

The motion for a nonsuit was under three heads, viz.: (1) that the evidence does not connect appellants with the alleged negligence; (2) the evidence fails to show that any of the alleged acts of negligence were the proximate cause of the accident; (3) the evidence shows that there was contributory negligence on the part of the respondent.

The questions raised in appellants' exceptions directed to the refusal of Judge Greene to grant a nonsuit are to all intents and purposes the same questions raised on exceptions to Judge Dennis' order overruling the demurrer to the amended complaint. It will be necessary, therefore, to only briefly refer to same.

The rule in this State, on motions for a nonsuit, is well established and citations of authorities are unnecessary. A motion for a nonsuit admits the truth of plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom, and the evidence must be interpreted most strongly against the defendant.

The evidence offered by the respondent was responsive to the allegations of the complaint. This evidence must be considered in the most favorable light to the respondent. In our discussion of appellants' exceptions to the order overruling the demurrer to the amended complaint we found adversely to appellants on the same questions now raised. Appellants claimed that the amended complaint

showed on its face no negligence on their part, and that the accident was due to the contributory negligence of the respondent. The same questions are again raised on motion for a nonsuit. A rediscussion of this angle of the appeal would be useless repetition.

Judge Greene properly submitted the issue to the jury.

All exceptions are overruled and judgment affirmed.

Mr. Chief Justice Bonham and Messrs. Associate Justices Baker, Fishburne and Stukes concur.