Cimino *v.* Laub et al, Appellants.

372

Argued April 18, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harold E. McCamey* with him *Dickie, Robinson & McCamey*, for appellants.

*Zeno Fritz*, with him *Frank J. Zappala* and *Archibald M. Matthews*, for appellee.

OPINION BY RENO, J., July 19, 1945:

Plaintiff instituted this action of trespass to recover

for personal injuries and damage to his automobile sustained while driving over a public road upon which defendants were doing construction work, and he received the jury's verdict. The court below granted plaintiff's motion for a new trial because of the inadequacy of the verdict, but refused defendants' motion for judgment n. o. v. Defendants have appealed from the court's order refusing their motion, but have not assigned as error the granting of the new trial. In those circumstances, the verdict no longer exists, and, strictly speaking, defendants' motion could not now be granted, as there is no longer any verdict to set aside. *German v. Riddell*, 149 Pa. Superior Ct. 647, 27 A. 2d 680. Passing this technical obstacle and viewing the record, as we are obliged to do, in the light most favorable to plaintiff, giving him the benefit of all reasonable inferences that may be drawn in his behalf, and rejecting all adverse inferences resting merely in parol, *Henigin v. Booth & Flinn, Ltd.*, 307 Pa. 528, 161 A. 871, the facts bearing upon the disputed issues of negligence and contributory negligence are as follows:

There run roughly parallel to each other in a general easterly and westerly direction, through Churchhill Borough, Allegheny County, old William Penn Highway and new William Penn Highway, the former lying to the north. Rodi Road intersected old William Penn Highway from the north and continued south of it along a creek in the vicinity. Defendants had a contract to do road construction on the old highway, to build a portion of the new highway, and to construct an approach leading from Rodi Road to the new highway. It was plaintiff's custom to drive from his home in Penn Township to his place of employment at West Homestead over the old highway. He had been doing so for approximately a month; and on the morning of September 4, 1941, shortly after six o'clock, while it was raining and still dark, he came to the intersection of the old highway and Rodi Road and found the highway barricaded

and closed to traffic. Plaintiff stopped and, intending to reach the new highway, turned south on Rodi Road, an eighteen foot wide strip of macadam with a bank or hill on the west, or plaintiff's right side, and a four foot berm level with the roadway terminating in a sixty to eighty foot drop on the east side. Rodi Road was slightly upgrade and when plaintiff was in second gear, going fifteen to twenty miles an hour, before he reached the approach to the new highway, he saw fifteen to twenty feet ahead of him a pile of stones left there by defendants and covering two-thirds of the roadbed. Plaintiff slowed his car, turned to the left, although he thought he might be able to pass the stone pile by staying entirely on the macadam, to play safe he swung his left wheels about a foot out onto the berm, which immediately crumbled and precipitated him over the edge of what he described as a ravine. Rodi Road was not barricaded at its junction with the old highway, and plaintiff had never previously traveled over it, although he had observed defendants' workmen filling in the berm for some time before the accident.

Plaintiff's right to travel over Rodi Road was subject to the right of the public authorities to make reasonable repairs and improvements to the roadway for the public benefit, *Crescent Township v. Anderson,* 114 Pa. 643, 8 A. 379, but it was the duty of the contractor making the improvements either to barricade the road and prevent travel over it until it was no longer in a state of disruption, or to give adequate warning to travelers concerning those portions of the road which were not in a safe condition for passage. *Henigin v. Booth & Flinn, Ltd.,* supra; *Nicholas v. Keeling,* 21 Pa. Superior Ct. 181; *Hookey v. Oakdale Borough,* 5 Pa. Superior Ct. 404. Defendants had recently created the berm which disintegrated under plaintiff's automobile, and if the berm was not, at the time of the accident, sufficiently solid to withstand the weight of passing vehicles a jury could well find that when defendants

placed a barrier of stones on the highway in a position rendering it likely that motorists using the road would, in the exercise of caution, encroach somewhat upon the berm in skirting the obstruction, their conduct created an unreasonable risk of harm to those traveling upon the road. Restatement, Torts, §284.

Defendants urge that they discharged their duty in full by closing Rodi Road to travel, and that if no barricades were blocking plaintiff's access to that road at the time of the accident they had been removed by third parties too shortly before the occurrence to charge defendants with knowledge of their removal. Reliance is placed upon *Braden v. Pittsburgh*, 143 Pa. Superior Ct. 427, 18 A. 2d 99, where a barrier was removed, supposedly by third parties, within a period before the accident too short to charge the city with constructive notice of its removal, and there was no proof that it had actual knowledge of the circumstance. That case does not meet the factual situation here presented. Here the dispute related to the location of the barriers on the morning of the accident. Was there a barrier across the old William Penn Highway and none across Rodi Road, or vice versa? Or, more specifically, was there a barrier in place across Rodi Road when plaintiff entered it? Defendants' evidence was that barricades were in place in the evening of September 3, preceding the accident, and at 6:50, 9:00, and at noon on September 4; while plaintiff's witnesses testified that no barricades prevented entry upon the road at 6:00, 7:00 or at 8:30 on the morning of September 4. Unless the evidence be given the fanciful construction that the barricade was removed from Rodi Road before six o'clock on September 4, replaced by 6:50, and again removed by 7 o'clock, it is clear that the testimony developed an irreconcilable conflict which the jury resolved in plaintiff's favor, as was within its province. *Rowland v. Canuso*, 329 Pa. 72, 196 A. 823.

Defendants' remaining contention is that plaintiff was

contributorily negligent when he swung onto the berm to get by the pile of stones, and that he should have slowed his car sufficiently to permit him to pass the obstruction while remaining on the improved portion of the road. While one who turns off the traveled section of the highway must look where he is going and be on his guard, *Martin v. Moscow Borough,* 346 Pa. 475, 31 A. 2d 124, it is generally held that the mere act of driving onto the shoulder of a road is not enough to establish contributory negligence as a matter of law; this factor, with the others in the case throwing light on the reasonableness of plaintiff's regard for his own safety, is ordinarily for the jury. *Harrison v. Moragne,* 202 S. C. 491, 25 S. E. 2d 742; *Simmons v. Cowlitz County,* 12 Wash. 2d 84, 120 P. 2d 479; *Starling v. County Commissioners,* 53 Ohio App. 293, 4 N. E. 2d 921; *Wilson v. Coe Township,* 233 Mich. 75, 206 N. W. 355; *Higgins v. Town of Carroll,* 86 N. H. 312, 167 A. 270; *Perrotti v. Bennett,* 94 Conn. 533, 109 A. 890. This plaintiff knew the shoulders along Rodi Road had recently been filled, but there is no evidence tending to prove that he had any knowledge that the new fill was dangerous. He testified he thought he was "playing safe" by going onto the berm, although he thought he could have cleared the obstruction without doing so. One of his witnesses who drove by the same spot shortly after the accident testified he had to drive very close to that part of the shoulder which had fallen away in order to avoid the stones; and another said he had to drive over part of the pile to pass the impediment in the roadway. Such evidence cannot fairly be characterized as that upon which honest minds could reach but one conclusion, that of contributory negligence, and we are consequently not at liberty to declare that plaintiff failed to exercise that measure of vigilance which the circumstances required for his own protection. *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 A. 194.

The matters raised by this appeal were properly for

the jury's consideration, and the record does not warrant our intervention in their disposition of the issues presented.

Judgment affirmed.