## Solliday *versus* The Commonwealth.

Where the pleas of *autrefois convict* and not guilty, are both submitted to the jury at the same time, and the jury find the defendant guilty, but render no verdict upon the plea of *autrefois convict*, it is error to enter judgment on the verdict.

On such a plea, although the court may influence and in some cases control the jury, it is a question which they alone must decide.

ERROR to the Quarter Sessions of *Bucks county*.

This was an indictment against John N. Solliday for nuisance, in erecting and maintaining a dam in the river Delaware. The indictment contained five counts.

The first three counts were at common law. The 4th was under the 6th section of the Act of 1809, 5 *Smith* 8, which provides: "If any person whatever shall erect, build, set up, repair, or maintain, or shall be aiding in erecting, building, setting up, repairing, or maintaining any wing, dam, or placing any other obstructions injurious to the navigation of said river as aforesaid, except such dams as have been or hereafter may be put up in pursuance of a special act of the legislature, and being thereof legally convicted before the Court of Quarter Sessions of the county where the offence has been committed, shall forfeit and pay the sum of $100, to be paid to and applied for the use aforesaid" (repair of the roads). The 5th count was under § 1 of the Act of 1819, 7 *Smith* 224.

The defendant pleaded "*autrefois convict*" and "not guilty." The Commonwealth took issue upon both of these pleas and concluded to the country; and the jury was sworn to try both issues.

The defendant was found not guilty on the 1st, 2d, 3d, and 5th counts, and guilty on the 4th count. No verdict was returned upon the plea of *autrefois convict*, and on this ground Solliday moved in arrest of judgment.

The court overruled the motion, and sentenced the defendant to pay a fine of $100 and costs.

The errors assigned were the refusal to arrest the judgment, the entering of judgment on the verdict, and that the Act of 1806, under which the defendant was convicted, is not in force, having been supplied by the Act of 1819.

*J. M. Porter* and *Fox*, for plaintiff in error, cited Commonwealth *v.* De Muth, 12 *S. & R.* 389, and 2 *Hale* 254.

*Ross,* for defendant in error.

The opinion of the court was delivered by

[Solliday *v.* The Commonwealth.]

BLACK, J.—The grand jury for Bucks county found an indictment in five counts against the present plaintiff in error for erecting and maintaining a public nuisance in the Delaware river. To this indictment he pleaded in regular form a previous conviction for the same offence; and also put in the plea of not guilty. The district attorney by his replications denied that either of these pleas was true in point of fact, and went to the country on both. A jury was called and sworn in both the issues. They rendered a verdict of *guilty* on the fourth count, and *not guilty* on the others; but, because they did not say anything on the question of former conviction, the defendant moved in arrest of judgment. The court sentenced him nevertheless.

No man shall be harassed by two prosecutions for the same offence. When a guilty man has paid the penalty affixed to his crime, the law and he are even so far as that score goes, and his right to be free from all future molestation for the same cause is absolute. To punish him again on the old account is against justice, law, and liberty, as flatly as it would be to punish one who is wholly innocent.

A former conviction of the same offence may therefore always be pleaded; and, if the truth of such plea be established, it is a plain bar to another judgment against the accused. If the representative of the Commonwealth traverses the plea by denying that the former conviction was for the same offence, and thus forms an issue in fact, it must go to a jury, and no judgment can be given in the case until that question is disposed of. No matter how clear the opinion of the court may be against the defendant, nobody but the jury can *decide* an issue like that. The judge may *influence* the verdict—in some cases he may and ought to *control* it—but he cannot *pronounce* it. A defendant has a right to complain of mistrial, if a question of fact in his cause has not been answered by that tribunal which the law has made his only judge, and to whom he and his accuser have mutually agreed to refer it.

When the two pleas of former conviction and not guilty are both in the issue, one is just as important as the other. Both may be false or both true, or one may be true and the other false; but the necessity of a response to both is palpable, since a verdict for the defendant on either would equally entitle him to his free discharge. Suppose that in such a case the jury pronounces the former indictment to have been for a different offence, but omits to say whether he is guilty of that with which he is now charged; would he be sentenced on such a verdict? Certainly not; because he cannot be punished without ascertaining his guilt. Then why punish him without a verdict which determines that he has not already suffered all that the law will permit to be inflicted?

In short, a former conviction of the same crime is a complete defence to this indictment. Whether there was such a conviction

is an issuable and triable fact. The defendant has pleaded it. The prosecuting officer of the government has denied it, and appealed to a jury to determine the issue. Until it is determined by a jury, any sentence which treats it as false must be against law.

It is argued that if the jury had passed on both pleas they could not, without a disregard of their oaths, have found the defendant to have been formerly convicted of the same offence. We can know nothing here but the naked record, and from that we cannot pronounce it impossible for the defendant to have proved the identity of the two charges. Besides this, I have already said that the clearness of the fact does not take away from the jury the right, nor relieve them from the duty, of pronouncing upon it. No man shall be convicted, unless by the judgment of his peers, in a plain case more than in a doubtful one.

Nor can we think that a verdict of guilty implies that the jury found against the defendant on the plea of former conviction. In the construction of verdicts it is the general rule to consider every fact as found which it was logically necessary for the jury to know before they could reach the conclusion expressed. But neither law nor reason requires us to go any further. The fact alleged in one of these pleas has no kind of connexion with the averment made by the other. The jury have declared the defendant guilty, but that does not render the fact of his former conviction a whit more improbable than it was before. It would be easier to make that inference from a contrary finding. It is not impossible that the record of the former conviction may have been regarded as persuasive evidence of his guilt. The two issues are totally distinct, dissimilar, and separate; so much so that the law will not allow them in any case to be mingled together, for fear of a confusion which might do injustice. Under the plea of not guilty a defendant cannot show that he has been punished already, nor under a plea of former conviction would he be permitted to adduce the most conclusive proof of his innocence. When a party has been found guilty on one count, and nothing said of the others, (as in Getz *v.* The Commonwealth, 10 *Harris* 352,) he has no right to complain that judgment is not arrested, for he has all the advantage which any possible verdict on the other counts could give him. But it is a very different case where the jury are silent upon an issue which, if found in his favour, would let him off altogether.

Our assertion of this opinion ought not to be considered a superstitious adherence to mere forms. The right of every freeman to be tried by a jury (and even by a jury only once for the same cause) has something about it which excites national respect and veneration. The English people thought it worth fighting for more than once. They extorted the concession of it with their

[Solliday *v.* The Commonwealth.]

swords at the throat of a king. Another monarch lost his head for disregarding it; and a third was driven into exile for a kindred offence. Our fathers thought it of such magnitude that they made a place for it in the constitution among those inalienable rights which should never be invaded on any pretence whatsoever, and we, their children, ought to guard it well. If contempt for the established forms of judicial proceeding, and the inaccuracy of thought which such contempt produces, be a desirable state of things, we are approaching perfection rapidly enough. "The progressive spirit of the age" does not need any special encouragement to quicken its gait in that direction.

If this were a case of the first impression, the reasons we have given ought to be sufficient for the judgment we are about to pronounce. But it is settled by authority. The English cases and the elementary books show that the law has always been held as we hold it now. The point arose in this Court and was decided in the Commonwealth *v.* Demuth (12 *S. & R.* 389), a case so exactly like this that we have totally failed in our effort to see any distinction in principle between them. That, like this, was an indictment for a nuisance, with five counts—the pleadings were the same, *autrefois convict* and not guilty—verdict of guilty on one count and silent as to the other plea. Chief Justice TILGHMAN, whose accuracy in such matters was never exceeded by any judge in the world, pronounced the opinion of the whole court, and declared that no judgment could be given on the verdict. It is impossible for us to disregard a precedent so venerable without endangering the public confidence in our whole system of jurisprudence, for it all rests on *stare decisis.*

The reasoning which brought the court below to a different conclusion is impressive, certainly. Their anxiety to do what seemed to be justice in the particular case, has produced a judgment which, though ably vindicated, will not stand the test of the general rule that must decide it.

There is another error assigned which we do not consider it necessary or proper to discuss, because it was not raised in the court below on the motion in arrest of judgment. It was one of the reasons for a new trial, but was withdrawn.

> The judgment of the Court of Quarter Sessions of Bucks county is reversed.