## The Dimes Savings Institution *versus* The Allentown Bank.

1. A case was reversed for exclusion of evidence:—on the next trial the judge below read to the jury the opinion of the Supreme Court, and submitted the case on it. *Held*, to have been improperly submitted.

2. The judge after reading the opinion added in his charge: "Reading to you the evidence in the case, which does not in any substantial particular vary from what it was on the former trial, it is our duty," &c. *Held* to be error, the jury had no means of knowing what the former evidence was.

3. The effect of the charge was to lead the jury to believe that the case was precisely that on which the Supreme Court had passed, and had been decided.

March 18th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Lehigh county* : No. 145, to July Term 1868.

This was an action of assumpsit brought, August 3d 1861, by The Allentown Bank against The Dimes Savings Institution.

On the 10th of December 1860, the Dimes Savings Institution being indebted to the Allentown Bank in the sum of $524.65, the cashier of the savings institution gave to the cashier of the bank a bag containing $487 in coin. The coin was sent the next day by the cashier of the bank to Cronise & Co., Philadelphia, for

[Dimes Savings Institution *v.* Allentown Bank.]

sale, with instructions to deposit the proceeds to the credit of the bank in the Manufacturers' and Mechanics' Bank, Philadelphia. On the 12th of December Cronise & Co. sent to the bank a statement of sales of the coin, showing the amount to be $493.22, and informed the bank that the amount was to their credit in the Manufacturers' and Mechanics' Bank. On the 13th the cashier of the bank transmitted to the savings institution the note and statement of Cronise & Co., with a memorandum at the foot by the cashier, saying that $492.72, the amount less expenses, were to the credit of the savings institution in the Allentown Bank. On the 22d December Cronise & Co. deposited with the Manufacturers' and Mechanics' Bank, to the credit of the Allentown Bank, their check on the Farmers' and Mechanics' Bank for $493.22. On the same day the Manufacturers' and Mechanics' Bank advised the Allentown Bank as follows: " Cronise & Co. have deposited to your credit $493.22." The check of Cronise & Co. was protested. This suit was brought to recover the amount of this credit given by the plaintiff to the defendant.

The case had been tried in November 1867, and resulted in a verdict for the defendants. The judgment was reversed by the Supreme Court, because the court had rejected evidence offered by the plaintiff, and taken the case from the jury.

The case was tried again in June 1868. The main question in the case was, whether in the sale of the coin, under the evidence, Cronise & Co. were the agents of the plaintiffs or of the defendants, and therefore which was responsible for their fraud. Evidence was given by both sides on the question of the agency.

The plaintiffs and defendants respectively submitted a number of points.

The court (Jones, P. J.) charged:—

" This case, tried once before, went up to the Supreme Court, by which, for rulings of this court, its judgment was reversed, and it was sent back for another trial. It is now on that trial. The opinion of the Supreme Court, which is the law of the case, is this:

" ' The court assumed from letter of Cooper to Cronise & Co., 10th December 1860, that the Allentown Bank had treated the coin and proceeds as its own, and therefore directed verdict for Dimes Savings Bank.

" ' This excluded the evidence which tended to explain the letter. There was testimony that tended to show that Cronise & Co. were selected by Dimes Savings Bank as their own agents, evidence of cashier Dimes Savings Bank and Saeger, cashier Catasauqua Bank—evidence (pretty strong) that the bag was not delivered to Allentown Bank as its own property, but was intrusted to Mr. Cooper only to forward to Cronise & Co. Cooper suggested so sending it, because his contract with express company would

lessen expenses.  He directed Bush to put it in bag, direct it, seal it, mark amount on it.  The bag was so sent to Allentown Bank, delivered without counting or changing it.  That at delivery it was said Cooper knew what to do with it, and the Allentown Bank gave no credit, as Cooper had undertaken to forward the coin, it would follow that he would give these instructions to Cronise & Co. to convert it at best rates, which was the object in sending it to them.

"  'To this point the letter is not at variance with the evidence of Bush, and the fact that Cronise & Co. were the agents of the Dimes Savings Bank to convert the coin.

"  'How far were the directions of Cooper to Cronise & Co. to deposit proceeds in Manufacturers' and Mechanics' Bank to credit of Allentown Bank an assumption of control without the authority of the Dimes Savings Bank?  True, Bush says there was nothing said about the proceeds to go to the credit of Dimes Savings Bank in the account with Allentown Bank, but there was evidence from which that might have been inferred, though not expressed in words.

"  'Then on 10th December 1860 the Dimes Savings Bank owed the Allentown Bank $524.65 for over-draft, their checks being to that amount in excess of their deposits.  About that time the notes of the Allentown Bank were running in for redemption in Philadelphia pretty rapidly.  After 10th December 1860 Bush admits that Cooper told him the Dimes Savings Bank could no longer depend on Allentown Bank for advances.  Bush calculated to charge Allentown Bank with proceeds, to which may be added the actual disposition of the proceeds by the parties themselves.

"  'On 13th December 1860 Cronise & Co.'s letter was received and sent by Cooper to Dimes Savings Bank with pencil note, showing amount credited by Allentown Bank on that day, and Dimes Savings Bank thereupon charged the amount to account of Allentown Bank.  All this is some (not very weak) evidence to show that it was understood between Cooper and Bush that the proceeds of coin were to go to credit of Dimes Savings Bank, and so to account for Cooper's directions to Cronise & Co. to deposit to credit of Allentown Bank in Manufacturers' and Mechanics' Bank.

"  'The court below should have submitted the facts to jury to say whether Cronise & Co. were the agents or brokers of the Dimes Savings Bank for the conversion of the coin, and to account for its proceeds ; whether the coin was intrusted to Cooper to be forwarded by express for the Dimes Savings Bank, and whether it was the understanding (tacit it may be) that the proceeds were to go to the credit of the Dimes Savings Bank in its account with Allentown Bank.

[Dimes Savings Institution *v.* Allentown Bank.]

" 'If such were the facts, they would account for the tenor of Cooper's letter to Cronise & Co., and the fraud of Cronise & Co., the chosen agents of Dimes Savings Bank, which misled all parties till 26th December 1860, ought not to be visited on the Allentown Bank.

" 'The case ought therefore to have gone to the jury.'

" Reading to you the evidence in the case, which does not in any substantial particular vary from what it was on the former trial, it is our plain duty to submit it to you under the instructions of the Supreme Court, as I have detailed them to you. If you find from that evidence that Cronise & Co. were the agents or brokers of the Dimes Savings Bank for the conversion of the coin, and to account for its proceeds—if you find that the coin was intrusted to Cooper to be forwarded by express for the Dimes Savings Bank—if you find that it was the understanding (tacit it may be) that the proceeds were to go to the credit of Dimes Savings Bank in its account with the Allentown Bank,—those facts would account for the tenor of Cooper's letter to Cronise & Co., and the fraud of Cronise & Co., the chosen agents of Dimes Savings Bank, which misled all the parties till 26th December 1860, ought not to be visited on the Allentown Bank.

" The points presented by the plaintiffs are answered affirmatively."

The court did not answer the defendants' points.

The verdict was for the plaintiffs for $714.26.

The defendants took a writ of error. In numerous specifications they assigned the charge for error.

*W. H. Airey* and *J. H. Oliver* (with whom was *J. D. Stiles*), for plaintiffs in error.—The points of defendant should have been answered: Act of April 17th 1856, § 3, Pamph. L. 396, Purd. 164, pl. 155. The charge was calculated to mislead: Selin *v.* Snyder, 11 S. & R. 319; Lackawanna Railroad *v.* Chenewith, 2 P. F. Smith 382. The court should have called the attention of the jury to all the questions raised by the points: Shaeffer *v.* Landis, 1 S. & R. 449; Hamilton *v.* Menor, 2 Id. 70; Brown *v.* Campbell, 1 Id. 176; Vincent *v.* Huff, 4 Id. 298; Noble *v.* McClintock, 6 W. & S. 58; Smith *v.* Thompson, 2 S. & R. 49; McFerran *v.* Powers, 1 Id. 102; Bellas *v.* Hays, 5 Id. 427; Slaymaker *v.* St. John, 5 Watts 27.

*R. E. Wright* and *S. A. Bridges*, for defendants in error.

The opinion of the court was delivered, March 25th 1869, by

AGNEW, J.—This case was not properly presented to the jury. The judge thought it proper to read to the jury the opinion of this court reversing his former judgment and to submit the case thereon. Why he did so, it is difficult to know. The opinion of this court

upon the case as exhibited in the former trial was not a fair presentation of the case on the second trial. It was in no sense a charge to the jury, its purpose being wholly different. In the first trial the judge had taken the case away from the jury, without submitting to them the facts on part of the plaintiff bearing on the disputed credit. We thought he erred in this, inasmuch as there were facts and circumstances the plaintiff was entitled to have submitted for consideration, tending to show that Cronise & Co. were the agents of the Dimes Bank instead of the Allentown Bank, and that the credit of $493.22 might have resulted from their fraud as agents of the Dimes Bank. It became necessary, therefore, to state in our opinion these circumstances, in order to show the possibility that the Dimes Bank and not the Allentown Bank might be responsible for the fraud of Cronise & Co. Hence, the very purpose of the opinion made it one-sided, and was to develop the strength of the evidence which the judge had dismissed as unimportant; and not to state that of the other side, which might have been its counterpoise.. When that opinion, therefore, was converted into a charge to the jury, it was not a fair presentation of both sides of the case, and the error was greatly augmented by omitting to answer the defendants' points. These errors of commission and omission made the charge too limited, and tended to exclude from a full consideration the views of the evidence taken by the defendant. · The error was heightened when the judge told the jury that the evidence in this trial did not, in any substantial particular, vary from what it was on the former trial. Whether this is true we do not remember, and certainly the jury had no means of knowing. The effect of the whole charge was to lead the jury to believe that the case was precisely that upon which we had passed, and had been decided by this court in favor of the plaintiff. It left very little room for a successful defence.

　　　The judgment is therefore reversed, and a *venire facias de novo* awarded.