## Commonwealth *v.* Brown, Appellant.

*Criminal law—Pleading—Autrefois acquit.*

The true test to ascertain whether the plea of autrefois acquit be a good bar is, whether the evidence necessary to support the second indictment would have been sufficient to secure a legal conviction on the first. The burden of proving the prior acquittal is on the defendant, and must be supported by the preponderance of evidence. Where the facts are not controverted, the court has authority to direct a verdict for or against the commonwealth as the case may require.

On the trial of an indictment for forging a promissory note the defendant entered a plea of autrefois acquit. On the trial the defendant offered under the plea, the record of a former acquittal on the charge of forging a note of a different date and amount from that described in the indictment on which she was being tried. In the course of the first trial the defendant admitted that she signed the note, but alleged that she was authorized to do so, and that she had signed the name of the alleged maker to numerous other notes with the latter's authority including the note referred to in the second indictment. *Held,* that it was proper for the court to instruct the jury that the evidence did not support the plea, and that the verdict must be in favor of the commonwealth.

Argued April 25, 1905.    Appeal, No. 13, Jan. T., 1906, by defendant, from judgment of Q. S. Monroe Co., May T., 1904, No. 13, on verdict of guilty in case of Commonwealth v. Linda Brown.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for forgery.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in giving binding instructions in favor of the commonwealth.

*Rogers L. Burnett*, with him *D. S. Lee*, for appellant.—Bearing in mind that the commonwealth traversed defendant's plea, it is contended by appellant, that this traverse raised a question of fact which it was exclusively the province of the jury to decide: Com. v. Trimmer, 84 Pa. 65; Hilands v. Com., 114 Pa. 372.

Appellant can conceive of no reason, either legal or equitable, why this question of authority should not be held to be res adjudicata:   Head v. Maloney, 111 Pa. 99;   Thompson v. Myrick, 24 Minn. 4; Raisig v. Graf, 17 Pa. Superior Ct. 509.

*Cicero Gearhart* and *Wilton A. Erdman*, with them *Stewart S. Shafer*, for appellee.—It is the duty of the court to declare the legal effect of a record which is offered to sustain the plea of autrefois acquit: Commonwealth v. Trimmer, 84 Pa. 65;  Com. v. Tadrick, 1 Pa. Superior Ct. 555;  Com. v. Montross, 8 Pa. Superior Ct. 237;  Com. v. Campbell, 22 Pa. Superior Ct. 98;  Com. v. Devine, 14 Pa. Dist. Rep. 1.

We think that this court has settled beyond any controversy or cavil that there was no merit in the special plea: Com. v. Rockafellow, 3 Pa. Superior Ct. 593;  Com. v. Hazlett, 14 Pa. Superior Ct. 352;  Com. v. Trimmer, 84 Pa. 65.

OPINION BY HENDERSON, J., July 13, 1905 :

The appellant was convicted of having forged a promissory note dated March 10, 1904, for $850, payable to the First National Bank of Stroudsburg purporting to be the obligation of Elizabeth Bornhoeft.    When the case came on for trial, the

defendant entered a plea of autrefois acquit upon which issue was joined by the commonwealth. On the trial of this issue, it appeared that the defendant had been tried and acquitted on an indictment charging her with having forged a promissory note dated March 12, 1904, for $900, payable to the Stroudsburg National Bank, purporting to be the obligation of Elizabeth Bornhoeft, and the record of this trial was offered in support of the plea. In the course of the first trial, the defendant admitted that she signed the note, but alleged that she was authorized by Mrs. Bornhoeft to sign her name thereto, and that she had signed the name of Mrs. Bornhoeft to numerous other notes with her authority. No evidence, except the record of the former trial, was offered to support the plea of former acquittal. The court instructed the jury that the evidence did not support the plea, and that the verdict must be in favor of the commonwealth.

Complaint is now made that the court erred in so instructing the jury, and that there was evidence which would have supported a verdict in favor of the defendant. It plainly appears from the record that the indictments against the appellant charged distinct offenses. The note described in the first indictment was dated March 12, 1904, was for $900, and payable to the Stroudsburg National Bank. The note alleged in the second indictment to have been forged was dated March 10, 1904, for $850, and payable to the First National Bank of Stroudsburg. It was admitted at the trial that there were two obligations given at different times for different amounts to different banks. The defendant therefore not only failed to show by the record the identity of the offenses charged but clearly proved that they were distinct. At the former trial, however, the defendant testified that Mrs. Bornhoeft had not only authorized her to sign the note charged in that case to have been forged, but that she authorized her to sign many other notes, among which was that out of which this prosecution arose, and it is contended by the learned counsel for the appellant that the issue in the first trial was that of the authority of the defendant to sign the name of Mrs. Bornhoeft to the notes, and that the jury having acquitted her she cannot be again tried for any act involving the question of her authority to sign any of the notes to which she had attached the name of Mrs. Bornhoeft referred to in her testimony at

the first trial.   In so contending, the learned counsel misapprehend the question involved in that trial and the logical relation of the defendant's evidence in regard to other notes to which she signed Mrs. Bornhoeft's name to the note included in the first indictment.   The defense in the first case was that the defendant had express authority from Mrs. Bornhoeft to sign her name to the note, and that it was therefore Mrs. Bornhoeft's obligation.   The defendant's testimony was specific as to time, place and circumstances.   Apparently for the purpose of corroborating her testimony as to that particular note, she testified in chief that she had signed Mrs. Bornhoeft's name to several other notes, among which was the note upon which the indictment in this case was based, and that she had special authority from Mrs. Bornhoeft to sign each of the notes.   No discussion is needed to show that the reference by the defendant to other notes than that described in the indictment upon which she was then being tried did not change the issue raised by the indictment and plea.   That issue was a distinct and single one,—did the defendant forge the name of Mrs. Bornhoeft to the note.   The indictment did not charge a conspiracy involving a course of conduct nor refer to any other note than that delivered to the Stroudsburg National Bank.   It may have aided the defendant in satisfying the jury that she had authority to attach Mrs. Bornhoeft's signature to the particular note to show by her own testimony that she had similar authority with reference to other notes, but the jury was not charged to inquire whether such other notes were signed with authority or not.   They were limited to the inquiry whether the note of March 12, was made by the defendant by direction of Mrs. Bornhoeft.   If a verdict of guilty had been rendered in that case, the defendant would still have the right to show in a subsequent trial on another indictment for the forgery of one of the other notes that she had the consent of Mrs. Bornhoeft to sign her name thereto.   The argument of the defendant is that, inasmuch as a part of the evidence introduced in her defense in the first trial related to other notes to which she attached the name of Mrs. Bornhoeft, the issue there determined precludes a subsequent prosecution for forging any of the notes.   This view of the case overlooks the pleadings and confuses the defense with the crime.

The court said in Heikes v. Commonwealth, 26 Pa. 513 : " The true test to ascertain whether the plea of autrefois acquit be a good bar is, whether the evidence necessary to support the second indictment would have been sufficient to secure a legal conviction on the first." To the same effect are Commonwealth v. Trimmer, 84 Pa. 65 ; Hilands v. Commonwealth, 114 Pa. 372 ; Commonwealth v. Tadrick, 1 Pa. Superior Ct. 555.

Tried by this test, it is manifest that the two indictments against the defendant did not charge the same offense. A conviction could not have been had in the first case on proof that the defendant forged the second note. That she had authority to sign other notes than that referred to in the first indictment was competent evidence in the first case for the defense, but it was not introduced by the prosecution, and was not material to the commonwealth's case. At the most it tended to corroborate the defendant's assertion that she had express authority to sign the note charged in the indictment.

The objection to the action of the court in directing a verdict for the commonwealth on the issue under the plea of former acquittal is not sustained. The burden of proving a prior acquittal is on the defendant and must be supported by the preponderance of evidence. The pleading involves matters of record and matters of fact. As already observed, the only evidence offered was the record of the former trial. There were no disputed questions of fact, and the defendant wholly failed to introduce evidence tending to show an identity of offenses. The evidence was clear that the offenses charged in the two indictments were distinct and separate. Where the facts are not controverted, the court has authority to direct a verdict for or against the commonwealth as the case may require : Commonwealth v. Tadricke, 1 Pa. Superior Ct. 555 ; Wharton Cr. Pl. & Pr. section 812.

It does not appear from the record that an exception was taken to the direction of the court embraced in the last paragraph of the first assignment. Taking the whole charge, however, it is in substance an instruction to the jury that the defendant failed to offer any evidence in support of the plea of former acquittal, and the verdict must therefore be in favor of the commonwealth. The verdict was rendered by the jury. In Solliday v. Commonwealth, 28 Pa. 13 cited by the ap-

pellant, the case was reversed because no verdict was rendered on the preliminary plea, but a verdict of guilty on one of the counts in the indictment. The court held, however, that the trial judge might influence the verdict, and in some cases ought to control it, and that was what was done by the court in the present case.

The judgment is affirmed and the record remitted to the court below to the end that the sentence may be carried out.