Com. of Pa., Appellant, v. Beiderman.

Argued March 13, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker, and James, JJ.

*Earl Jay Gratz,* Assistant District Attorney, and with him *Charles F. Kelley,* District Attorney, for appellant.

*Hirsh Stalberg,* and with him *Witkin & Egan,* for appellee.

Opinion by Parker, J., April 25, 1933:

These are appeals by the Commonwealth from orders of the court below sustaining pleas of autrefois acquit and dismissing the demurrers of the Commonwealth to such pleas. Seven indictments were found against the defendant wherein he was charged with obtaining money by false pretenses, larceny by clerk and em-

ployee, and fraudulent conversion. The defendant entered pleas of not guilty, and all the cases were presented to one jury. They were argued together before this court and will be disposed of in one opinion. In the course of the trial, the assistant district attorney took exceptions to a remark of counsel for the defendant and moved for the withdrawal of a juror on the ground that such remarks were prejudicial to the Commonwealth's cases. Judge Chase, specially presiding, granted the motion, withdrew a juror, and continued the cases. At a later term the cases were listed and again called for trial before another judge. The defendant then entered pleas of autrefois acquit, the Commonwealth demurred, and the court made the orders which we have indicated.

The court below, in an opinion sustaining the pleas of autrefois acquit, gave consideration to the propriety of the action of Judge Chase in the first trial in withdrawing a juror and concluded that the remarks attributed to counsel for the defendant were not such as warranted the action taken, there being no manifest necessity for the discharge of the jury, and that the defendant would, therefore, be placed in jeopardy a second time if the demurrer of the Commonwealth was sustained. We are inclined to agree with the conclusion of the court below that it was a mistake of law on the part of the trial judge at the first trial to withdraw a juror. The rights of the Commonwealth could have been fully protected by an admonition to the jury to disregard the remarks of counsel. It does not follow that the defendant may not be tried again on the indictments in question. We said in the case of Com. v. Friedman, 94 Pa. Superior Ct. 491, 495: "A plea of 'former acquittal' presupposes a verdict. Indeed it seems to be a sufficient answer to the present contention that if there was no verdict rendered by the jury at the first trial there was no reason whatever

for the entry of a plea of former acquittal." Hale, in his treatise on pleas, says; "It must be an acquittal upon trial either by verdict or battle": 2 Hale's Pleas of the Crown 246. We might rest the case on that ground, but it would probably result in another plea of former jeopardy either in its common law form or under the Act of March 31, 1860, P. L. 427, Sec. 30 (19 PS 464), and we are therefore moved to dispose of the case on broader grounds.

The contention of defendant is that Judge CHASE made a mistake of law in withdrawing a juror at the first trial, and the defendant may therefore not again be placed in jeopardy. In a capital case the law is undoubtedly as contended for by defendant (Com. v. Cook, 6 S. & R. 577; Hilands v. Com., 111 Pa. 1, 2 Atl. 70; Com. v. Fitzpatrick, 121 Pa. 109, 15 Atl. 466), but such a result does not follow in cases less than capital (McCreary v. Com., 29 Pa. 323; Com. v. Greevy, 75 Pa. Superior Ct. 116; Com. v. Phila. County Prison, 76 Pa. Superior Ct. 98; Com. v. Nixon, 94 Pa. Superior Ct. 333; Com. v. Friedman, ibid. 491; Com. v. Simpson, 310 Pa. 380, 165 Atl. 498). As early as the case of McCreary v. Com., supra, the Supreme Court construed the tenth section of the ninth article of the Constitution of Pennsylvania, then in force, which provided: "No person shall, for the same offense, be twice put in jeopardy of life or limb." It was there said (p. 325): "It is not denied that the clause applies to cases of *felony* of *death;* but no case has been cited showing its application to crime of an inferior grade," and it was so held. This position has been consistently followed by the appellate courts to the present time. "The plea of 'once in jeopardy' is available to a defendant in capital cases only": Com. v. Greevy, 75 Pa. Superior Ct. 116, 131. In the case of Com. v. Friedman, 94 Pa. Superior Ct. 491, 495, we said: "Even though we were to concede, which we do

not, that the court erred in discharging the jury, this would not require us to sustain the motion in arrest of judgment and discharge appellants." Any doubt that may have existed as to this subject has been removed by the decision of the Supreme Court in the recent case of Com. v. Simpson, supra. There the defendant was placed on trial on an indictment charging murder, the jury was sworn, and before verdict, without the defendant's acquiescence or any absolute necessity so to do, the jury was discharged. The Commonwealth proposed to try him a second time not for first degree murder, but for the lesser offenses comprehended in the indictment which included murder in the second degree and voluntary manslaughter. Here was a clear case where the jury was discharged in the first case under a mistake of law, yet it was held that the defendant might be retried on the charge of second degree murder and manslaughter.

The defense in this case is technical and does not involve tests for guilt or innocence. We are all of the opinion that the order of the lower court should be reversed.

The several judgments are reversed with a procedendo.