Commonwealth ex rel. Garland *v*. Ashe, Warden.

OPINION BY MR. JUSTICE MAXEY, April 20, 1942:

Carl Garland, who is serving a minimum term of three and one-half years in the Western State Penitentiary after his conviction on a charge of felonious assault with a deadly weapon, to wit, a revolver, with intent to kill, is seeking his release on a writ of habeas corpus on the ground that the sentence of the Court of Quarter Sessions of Allegheny County is void because "the Federal Government made the original arrest, they took lawful control, thereby obtaining exclusive jurisdiction" and "the judgment of the Court of Quarter Sessions caused a double jeopardy status to exist."

On December 11, 1934, the relator entered a plea of guilty in the Federal Court to the charge of interfering with an officer. The Court placed the relator on probation for one year; "said probation to become effective at the expiration of the sentence imposed in the Allegheny County Court." The assault with intent to kill was made against a Federal officer and the two offenses, i. e., both the state and the federal offenses, arose out of the same act.

The relator's petition must be dismissed. The Fifth Amendment to the Federal Constitution which declares that no person shall for the same offense be twice put in jeopardy of life or limb is a restriction only on the power of the Federal Government: *Hurtado v. California*, 110 U. S. 516, 534. The tenth section of the Pennsylvania Bill of Rights also contains a prohibition against a person being "twice put in jeopardy of life or limb" and is a restriction on the power of the state government. But the same act "denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each. The double jeopardy therein forbidden [i. e., in the Fifth Amendment] is a second prosecution under authority of the Federal Government after a first trial for the same offense under the same authority.": *United States v. Lanza*, 260 U. S. 377, 382.

Even in the same jurisdiction the same criminal intent when manifested in two distinct crimes may result in two legal convictions of crime. "The test of identity of offenses when double jeopardy is pleaded [in the courts of the same sovereignty] is whether the same evidence is required to sustain them; and if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where more than one are defined by the statute.": *Gavieres v. United States*, 220 U. S. 338.

Relator also contends that "since the Federal government made the original arrest, it took lawful control,

thereby obtaining exclusive jurisdiction until the subject matter was fully performed and exhausted." The answer to that contention is that if the Federal government chooses to deliver to the state authorities a Federal prisoner so that the state may proceed against the prisoner for an offense committed against the state's peace and good order, the prisoner has no grounds for complaint. The question is purely one of comity between two sovereignties. The fact that the state government *could not compel* the Federal government to surrender the prisoner to it, is of no avail to the prisoner when he is in fact so surrendered.

The relator further avers that he was "denied his constitutional rights to be present at the preliminary hearing, to face his accusers and to learn the nature of the charge, to wit: felonious assault." He adds: "There is no controversy over the second count of the indictment, since petitioner was afforded the rights of a preliminary hearing on these accusations, but at no time was petitioner afforded such right on the charge of assault." Apparently the complaint of relator on this point is that the charges made against him in the two counts of the indictment were not set out as two distinct charges in the information made against him. The two charges in the indictment are in substance as follows: First count: Felonious assault with a loaded revolver with intent to kill a designated person; Second count: Unlawfully discharging a loaded revolver at a certain designated person.

In the information used to institute a criminal proceeding the charge made as a basis for a warrant to bring the accused before the proper tribunal does not have to be set forth with the particularity of an indictment. It is enough if the information states a criminal offense committed by the defendant, its general nature, and its time and place. The two counts in the indictment against this relator were based on the facts set forth in the information. Section 8, Article I, of the State Constitution

provides that "no warrant . . . to seize any person or things shall issue . . . without probable cause, supported by oath or affirmation" and section 9 gives the accused "the right to demand the nature and cause of the accusation against him, to meet the witnesses face to face", etc. The record shows that the relator was not deprived of these or any other constitutional rights.

The writ is refused.