## Commonwealth *v.* Townsend, Appellant.

Submitted March 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Frank Townsend,* appellant, in propria persona, submitted a brief.

*James W. Tracey, Jr.,* First Assistant District Attorney and *John H. Maurer,* District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., July 20, 1950:

Frank Townsend was indicted on June 1, 1945, on four bills of indictment; two of the bills, Nos. 699, 701,

May Sessions, 1945, charged burglary; two of the bills, Nos. 696, 698, May Sessions, 1945, charged armed robbery. Townsend was arrested on June 3, 1945, and on the following day he signed a written confession. On June 5, 1945, without the benefit of counsel, Townsend entered a plea of guilty to each bill of indictment. A sentence for a term of not less than ten years nor more than twenty years in the Eastern State Penitentiary was imposed on bill No. 698. Reference to such sentence was noted on the other bills.

After serving a portion of his sentence, Townsend filed in the Supreme Court of Pennsylvania a petition for a writ of habeas corpus in which he alleged that his pleas of guilty were obtained without due process of law, and that he was unlawfully restrained of his liberty as a result of the sentence imposed upon him. The Supreme Court of Pennsylvania refused to grant the writ. A petition to the Supreme Court of the United States for a writ of certiorari was granted; and that court after argument reversed the action of the Supreme Court of Pennsylvania (*Townsend v. Burke*, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690). The reason for the reversal was that the trial judge imposed sentence, in the absence of counsel, under an obvious mistake as to the prisoner's prior criminal record. The order appended to the opinion of the Supreme Court of the United States consisted of but one word—"Reversed." However, the mandate formally communicating to the Supreme Court of Pennsylvania the action of the Supreme Court of the United States contained an order which "reversed with costs" the judgment of the Supreme Court of Pennsylvania, and directed that the cause be remanded to the latter court "for proceedings not inconsistent with the opinion" of the Supreme Court of the United States. *Com. ex rel. Townsend v. Burke*, 361 Pa. 35, 38, 63 A. 2d 77. There being some question as to the extent of the relief to be af-

forded Townsend, under the opinion of the Supreme Court of the United States, counsel were appointed to represent him, and the matter was argued before the Supreme Court of Pennsylvania. Thereafter the Supreme Court of Pennsylvania, in its opinion in *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 38, 63 A. 2d 77, 78, stated: "We are now unanimously of the opinion that the decision of the Supreme Court means, and was intended to mean, that the conduct of the trial judge in connection with his sentencing of the defendant, Townsend, constituted error of such a fundamentally harmful nature (considering the uncounseled position of the defendant) as to stigmatize the proceeding as lacking constitutional due process throughout and render it vitiated ab initio." Accordingly, the Supreme Court of Pennsylvania revoked its order denying Townsend's petition for writ of habeas corpus, and directed the proceedings had in the Court of Oyer and Terminer of Philadelphia County on June 5, 1945, be vacated and set aside, including his pleas and sentence.

On September 26, 1949, Townsend was again called to answer the bill of indictment at No. 698, May Sessions, 1945, charging armed robbery. At this time Townsend was represented by counsel appointed by the trial court. He first entered a plea of not guilty to the said bill of indictment, but was permitted at the trial on October 20, 1949, to withdraw such plea and enter a plea of autrefois convict. This was traversed by the Commonwealth. Townsend's counsel then asked the trial court to consider him as standing mute, whereupon the court directed a plea of not guilty to be entered. Prior to the close of the Commonwealth's case, the traverse was withdrawn and a demurrer entered by the Commonwealth to the plea of autrefois convict. The trial judge ruled as a matter of law that the plea of autrefois convict could not be sustained, and instructed the.jury to bring in a general.verdict of guilty.

or not guilty. The jury returned a verdict of guilty on the bill of indictment before it. After the trial court denied motions in arrest of judgment and for a new trial, Townsend was sentenced to a term of not less than seven years nor more than fifteen years in the Eastern State Penitentiary, the same to date from the time of his original commitment under the former invalid sentence. This appeal is from the judgment and sentence imposed.

Appellant claims that the trial judge erred in instructing the jury to bring in a general verdict of guilty or not guilty, and in failing to submit to the jury the issue raised by his plea of autrefois convict. Admittedly, it was held in *Solliday v. Commonwealth,* 28 Pa. 13, cited and relied upon by appellant, that, where defendant pleads autrefois convict and also not guilty, and the Commonwealth joins issue on both pleas, a general verdict of guilty, without any finding by the jury on the plea of autrefois convict, cannot stand. But in the present case the Commonwealth was permitted to withdraw its traverse of appellant's plea of autrefois convict and to enter a demurrer thereto. By his instructions to the jury the trial judge effectually sustained the Commonwealth's demurrer to the plea of autrefois convict, and refused to submit any issue on that plea to the jury. We think this was entirely proper. The question raised by the Commonwealth's demurrer to appellant's plea of autrefois convict was one of law, and there was no issue of fact arising under this plea to be submitted to the jury. When the trial judge ruled as a matter of law on appellant's plea of autrefois convict by sustaining the Commonwealth's demurrer, appellant's plea of autrefois convict was not before the jury, and no verdict was necessary upon the plea. There was no error in the jury's rendering a verdict of guilty upon the general issue. *Com. v. Greevy,* 271 Pa. 95, 103, 104, 114 A. 511; *Com.*

*v. Duerr,* 158 Pa. Superior Ct. 484, 489, 45 A. 2d 235. As stated in *Com. v. Greevy,* supra, page 103 of 271 Pa., page 514 of 114 A.: ". . . defendant in fact had that which [the] cases say he was entitled to have, viz, a decision on his plea of former acquittal before a trial on his plea of not guilty." On a plea of autrefois acquit, where the facts are not controverted, the court has authority to direct a verdict for or against the Commonwealth as the case may require. *Com. v. Brown,* 28 Pa. Superior Ct. 296, 300. The same is true of the plea of autrefois convict.

Appellant further claims that his trial, conviction, and sentence from which he has appealed placed him in double jeopardy in violation of his constitutional rights. Appellant did not raise the question of double jeopardy at his trial in the court below. The pleas of former acquittal or conviction and former jeopardy are distinct pleas. *Com. v. Day,* 114 Pa. Superior Ct. 511, 514, 174 A. 646. The plea of former jeopardy under Article I, section 10, of the Constitution of Pennsylvania is available to defendant in a capital case only. *Com. v. Simpson,* 310 Pa. 380, 165 A. 498; *Com. v. Beiderman,* 109 Pa. Superior Ct. 70, 73, 165 A. 765. The provision in the Fifth Amendment to the Constitution of the United States prohibiting double jeopardy is a limitation on the powers of the Federal Government and is not a limitation upon the states. *Com. v. Simpson,* supra, 310 Pa. 380, 388, 165 A. 498; *Com. ex rel. Garland v. Ashe,* 344 Pa. 407, 408, 26 A. 2d 190. However, even under the Fifth Amendment where a petitioner's trial, conviction, and sentence are declared a nullity and set aside in a habeas corpus proceeding for lack of due process of law, as where the right to counsel has been denied, upon his release from the original sentence, the petitioner is subject to arrest and prosecution and may be delivered to the proper officers to answer the charges contained in the original indict-

ment still outstanding, and a trial and conviction thereon do not place defendant in double jeopardy. *McCleary v. Hudspeth*, 10 Cir., 124 F. 2d 445, 447; *Mitchell v. Youell*, 4 Cir., 130 F. 2d 880, 882; *Bayless v. United States*, 8 Cir., 147 F. 2d 169, 170; *United States v. Lowrey*, 77 F. Supp. 301.

An additional contention by appellant is that the last trial, conviction, and sentence on the original indictment violate the order of the Supreme Court of the United States in *Townsend v. Burke*, supra, 334, U.S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690, where his previous conviction by plea of guilty and sentence was set aside in a habeas corpus proceeding on the ground that it was obtained without due process under the Fourteenth Amendment. These questions are fully answered in *Com. ex rel. Townsend v. Burke*, supra, 361 Pa. 35, 63 A. 2d 77, and no purpose would be served by repeating what Mr. Justice Jones, speaking for the Supreme Court of Pennsylvania, so clearly and fully stated. Appellant's plea of guilty, his conviction and sentence in violation of the Due Process Clause of the Fourteenth Amendment rendered that criminal proceeding void ab initio. But the indictment or indictments remained outstanding and unaffected by the habeas corpus proceeding. Appellant could be, and was, lawfully required to respond to the open and unsatisfied indictment (No. 698, May Sessions, 1945). Cf. *Com. v. Endrukat*, 231 Pa. 529, 80 A. 1049.

At the conclusion of the charge of the court, appellant's counsel asked the trial judge to send out with the jury the reported opinions of the Supreme Court of the United States in *Townsend v. Burke*, supra, 334 U.S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690, and of the Supreme Court of Pennsylvania in *Com. ex rel. Townsend v. Burke*, supra, 361 Pa. 35, 63 A. 2d 77, for consideration by the jury in arriving at a verdict. The trial judge refused to submit these two reported opin-

ions to the jury, to which action appellant's counsel excepted. The opinions dealt with matters of law not involved in the present trial, and they were not relevant on any factual issues to be determined by the jury. The jury would have received no benefit or aid from these opinions in its deliberations. Cf. *Dimes Savings Institution v. Allentown Bank*, 61 Pa. 391; *Scranton Lackawanna Trust Co. v. Birbeck*, 333 Pa. 502, 507, 5 A. 2d 196; *Kmiotek v. Anast*, 350 Pa. 593, 600, 39 A. 2d 923. The charge of the court, considered in its entirety, is free from fundamental error.

The question of appellant's guilt was for the jury. Commonwealth's witness, Velma Mobley, cashier of the Yellow Cab Company, testified that at midnight on April 29, 1945, a car containing six half-masked men drove up to the company's garage and office; that appellant, while holding a revolver in his hand, announced "This is a hold-up," and commanded her and two other employes to lie down on the floor; that appellant then ordered her to open the safe, meanwhile holding the revolver to her chest; that upon her disclaiming knowledge as to how to open the safe, and after others attempted to open it with a sledge hammer, appellant left the premises with his companion; that the telephone wires were torn from the wall before they departed. Moreover, appellant's confession was introduced in evidence. Although he claimed that such confession was given involuntarily, this was denied by the Commonwealth; therefore the matter was submitted to the jury for its determination with proper instructions from the trial judge. See *Com. v. Johnson*, 365 Pa. 303, 74 A. 2d 144; *Com. ex rel. Master v. Baldi*, 166 Pa. Superior Ct. 413, 426, 72 A. 2d 150.

There is no merit in appellant's assertion that the evidence as to identification was insufficient to sustain the conviction. The instructions of the trial judge on the question of identification were adequate. The

conviction of appellant did not rest entirely on the direct testimony of the witness Velma Mobley who was positive in her identification of appellant.

The judgment and sentence of the court below are affirmed.