## Commonwealth *v.* Gibbs, Appellant.

80

Submitted March 27, 1950. Before Rhodes, P.J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Edward J. Gibbs,* appellant, in propria persona, submitted a brief.

*Basil C. Clare,* Assistant District Attorney, and *C. William Kraft, Jr.,* District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., July 20, 1950:

Appellant, Edward J. Gibbs, was indicted on September 16, 1947 (No. 417, September Sessions, 1947) in the Court of Quarter Sessions of Delaware County, having been charged with larceny of certain clothing and personal property belonging to James Blades. The indictment contained two counts (1) larceny, and (2) receiving stolen goods. Appellant pleaded not guilty. At the trial before a jury appellant was not represented by counsel but acted as his own attorney. The jury found him guilty, and he was sentenced to a term of two and one-half to five years in the Eastern State Penitentiary. On May 24, 1948, he filed a petition for writ of habeas corpus in the Supreme Court of Pennsylvania. In his petition he alleged that he had been denied counsel, and that his trial, conviction, and sentence were in violation of his rights under the Constitution of the United States. The rule to show cause which had been issued was discharged, and the writ was denied by the Supreme Court of Pennsylvania on July 6, 1948. On September 17, 1948, appellant petitioned the Supreme Court of the United States for a writ of certiorari which was granted. After argument, the Supreme Court of the United States, on June 27, 1949, in its opinion in *Gibbs v. Burke,* 337 U.S. 773, 69 S. Ct. 1247, 93 L. Ed. 1343, held that appellant had been handicapped by lack of counsel to such an extent that his constitutional right to a fair trial was denied. The order of the Supreme Court of the United States in this case was: "Reversed and remanded for pro-

ceedings not inconsistent with this opinion." The Supreme Court of Pennsylvania accordingly made the following order: "August 10, 1949, in obedience to the Mandate of the Supreme Court of the United States (opinion rendered. June 27, 1949), the order of this Court heretofore entered on July 6, 1948, denying relator's petition for a writ of habeas corpus is hereby revoked, and the Court of Quarter Sessions of Delaware County is directed to vacate and set aside the plea entered and the sentence imposed on September 30, 1947, in respect to the relator, on indictment No. 417, September Sessions, 1947, of that Court. The Court below will then proceed according to law." The Court of Quarter Sessions of Delaware County entered an order vacating and setting aside the plea entered and the sentence imposed. Thereupon appellant was released from the custody of the warden of the penitentiary and was returned to Delaware County to stand trial upon the open indictment (No. 417, September Sessions, 1947). Appellant was represented at the trial by counsel appointed by the court. Appellant again entered a plea of not guilty, and was tried before a judge and jury. The Commonwealth's evidence consisted of that of the prosecutor, James Blades, whose clothing and property were allegedly stolen by appellant; Mrs. Lafield, the prosecutor's mother; Constable Fleming, the arresting officer; the Chief of Police of Marcus Hook; and James Silverstein, operator of a pawn shop. Appellant testified in his own behalf. His defense was that the articles were not stolen but were in appellant's possession pursuant to an agreement with the prosecutor to sell them for the benefit of the prosecutor. Appellant was again found guilty by the jury, and received the same sentence which had previously been imposed—two and one-half years to five years in the Eastern State Penitentiary. This sentence was to commence from the date of the original com-

mitment on July 17, 1947. On his appeal to this Court appellant has acted as his own counsel and has filed typewritten briefs. Appellant was permitted to use the original record. The case was submitted without oral argument.

Appellant's first contention is that his second trial on the original indictment, after his release on habeas corpus, placed him in double jeopardy in violation of rights guaranteed by the Fifth Amendment to the Constitution of the United States. The provision in the Fifth Amendment prohibiting double jeopardy is a limitation on the powers of the Federal Government and is not a limitation upon the states. *Com. v. Simpson,* 310 Pa. 380, 388, 165 A. 498; *Com. ex rel. Garland v. Ashe,* 344 Pa. 407, 408, 26 A. 2d 190. In passing upon a similar contention we said, in *Com. v. Townsend,* 167 Pa. Superior Ct. 71, 74 A. 2d 746, 749: "However, even under the Fifth Amendment where a petitioner's trial, conviction, and sentence are declared a nullity and set aside in a habeas corpus proceeding for lack of due process of law, as where the right to counsel has been denied, upon his release from the original sentence, the petitioner is subject to arrest and prosecution and may be delivered to the proper officers to answer the charges contained in the original indictment still outstanding, and a trial and conviction thereon do not place defendant in double jeopardy [Federal cases cited]." Appellant entered a plea of not guilty; and neither a claim of former jeopardy nor former conviction was made in the court below. The plea of former jeopardy under Article I, section 10, of the Constitution of Pennsylvania is available to a defendant in a capital case only. *Com. v. Simpson,* supra, 310 Pa. 380, 165 A. 498; *Com. v. Beiderman,* 109 Pa. Superior Ct. 70, 73, 165 A. 765. Where a defendant does not at his trial enter a plea of autrefois convict the right to take advantage of such plea

may be regarded as waived. *Com. v. Balles,* 163 Pa. Superior Ct. 467, 473, 62 A. 2d 91. Appellant's assertion in his brief that he raised this question in the court below is not supported by the record. In any event, under an essentially similar situation in *Com. v. Townsend,* supra, 167 Pa. Superior Ct. 71, 74 A. 2d 746, we held that a plea of autrefois convict could not prevail.

Secondly, appellant contends that, since the Supreme Court of the United States held that he was deprived of his constitutional right to counsel, he must now be discharged and could not be made to stand trial on the original indictment; and that such trial constituted a violation of the order of June 27, 1949, of the Supreme Court of the United States in *Gibbs v. Burke,* supra, 337 U.S. 773, 69 S. Ct. 1247, 93 L. Ed. 1343, and the order of August 10, 1949, of the Supreme Court of Pennsylvania carrying out the mandate of the Supreme Court of the United States. Referring to the principle that habeas corpus cannot be used as a substitute for an appeal, appellant argues that to bring him to trial again after release on habeas corpus is to make the writ of habeas corpus a substitute for writ of error, and amounts in substance to granting him a new trial in a habeas corpus proceeding. Appellant misconceives the effect of his discharge from imprisonment on habeas corpus by the Supreme Court of the United States. The questions raised by appellant have been fully answered and decided adversely to him by the Supreme Court of Pennsylvania in *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 63 A. 2d 77. In the Townsend case, petitioner entered pleas of guilty to four indictments. On one of the indictments charging armed robbery he was sentenced to a term of not less than ten years nor more than twenty years in the Eastern State Penitentiary. On appeal from the refusal of the Supreme Court of Pennsylvania to issue a writ of habeas corpus, the Supreme Court of the United States

reversed on the ground that the criminal proceeding and the sentence of petitioner without the assistance of counsel, under all the circumstances, were inconsistent with due process of law. The order of the Supreme Court of the United States in the Townsend case read: "Reversed . . . and remanded for proceedings not inconsistent with the opinion." The case then came before the Supreme Court of Pennsylvania for the purpose of determining the extent of relief to be afforded petitioner under the opinion and order of the Supreme Court of the United States. On this point Mr. Justice JONES, speaking for the Supreme Court of Pennsylvania, stated, page 38 of 361 Pa., page 78 of 63 A. 2d: "We are now unanimously of the opinion that the decision of the Supreme Court means, and was intended to mean, that the conduct of the trial judge in connection with his sentencing of the defendent, Townsend, constituted error of such a fundamentally harmful nature (considering the uncounseled position of the defendant) as to stigmatize the proceeding as lacking constitutional due process throughout and render it vitiated ab initio." The Supreme Court of Pennsylvania revoked its order denying petition for writ of habeas corpus, vacated and set aside his original pleas and sentence. Concerning the possibility of future proceedings against the petitioner the opinion continued, page 41 of 361 Pa., page 79 of 63 A. 2d: "Consequently, upon the vacation of the sentence and the setting aside of the defendant's pleas of guilty to the indictments, due procedure upon those indictments may thereafter be moved by the district attorney and the defendant put to trial or permitted to plead, as he may then elect. No question of a *new trial* is in any way involved; nor are we to be taken as assuming to grant one. The matter is not here on appeal; the time for that has long since expired. . . . The situation, here consequently ensuing, results from the necessary vaca-

tion and setting aside of the former proceeding *as a nullity* and leaves the indictments open and unsatisfied. In legal contemplation, there never was a trial."

After appellant had taken the stand and testified at length in his own behalf, the Commonwealth offered in evidence and read into the record, solely for the purpose of attacking appellant's credibility, his past criminal record. To this appellant's then counsel objected. The prior convictions offered were of felonies; there were five distinct convictions on as many separate occasions. The trial judge in his charge properly limited the effect of such evidence to the question of appellant's credibility. Records of previous convictions of all felonies, and misdemeanors in the nature of crimen falsi, are admissible in evidence for the purpose of impeaching the credibility of a defendant in a criminal case who testifies in his own behalf. *Com. v. Doe,* 79 Pa. Superior Ct. 162; *Com. v. Schambers,* 110 Pa. Superior Ct. 61, 63, 167 A. 645; *Com. v. Gold,* 155 Pa. Superior Ct. 364, 370, 38 A. 2d 486; *Com. v. Jones,* 334 Pa. 321, 5 A. 2d 804; see *Com. v. DePofi,* 362 Pa. 229, 66 A. 2d 649.

In the course of cross-examination by appellant's counsel, a Commonwealth witness made the statement that appellant "is a hard subject to finger-print." Appellant's trial counsel asked that the remark be stricken from the record and moved for the withdrawal of a juror. The trial judge refused the motion to withdraw a juror, ordered the remark stricken from the record, and instructed the jury to disregard it. The action of the trial judge was sufficient to render harmless any error in connection with this incident. The jury is presumed to have obeyed the specific instructions to disregard such testimony. *Com. v. Novak,* 165 Pa. Superior Ct. 576, 581, 582, 69 A. 2d 186.

In addition appellant alleges that the trial judge erred in permitting the Commonwealth's witnesses to

testify regarding the hat of Blades, the prosecutor, which appellant was allegedly wearing when apprehended in a tap room. Appellant complains because the hat was not produced and offered in evidence by the Commonwealth as one of the subjects of larceny. No objection was made to the introduction of the testimony concerning the hat. As a matter of fact, appellant admitted on cross-examination that he was wearing Blades' hat, but said that Blades had voluntarily loaned it to him. The error, if any, in admission of such testimony was harmless, and affords no ground for a new trial.

Silverstein, the pawn broker, testified that appellant signed an assumed name to the pawn ticket when he pawned the articles allegedly stolen. When appellant took the stand he contradicted Silverstein, denied signing any ticket, and asked to have it produced to "settle the argument." He now complains that the ticket was not produced. The Commonwealth did not introduce the pawn ticket in evidence at this trial, and whether or not it was available does not appear. If produced the ticket might have shown that appellant did not sign it; it would not controvert Silverstein's testimony that appellant pawned the articles. The ticket was collateral to the main issues at the trial. Under such circumstances the failure of the Commonwealth to introduce the ticket, or of the trial judge to require its production, was in no way reversible error.

There was no trial error in permitting the Commonwealth's witnesses to testify on direct examination and in rebuttal to the extent of their searches of appellant's person at various times previous to the discovery of Blades' wallet in the cell in which appellant had been confined. The wallet was not found until after the preliminary hearing. The Commonwealth's evidence tended strongly to show that appellant con-

cealed the wallet in his cell, whereas appellant claimed he simply removed the wallet because it hurt him as he rested on the bench in the cell.

Appellant refers to isolated portions of the charge of the court and to alleged misquotations of testimony therein. We find no reversible error in the questioned portions of the charge; the charge as a whole is free from fundamental or basic error. Cf. *Com. v. Eberhardt,* 164 Pa. Superior Ct. 591, 604, 67 A. 2d 613; *Com. v. Lucchese,* 155 Pa. Superior Ct. 325, 38 A. 2d 722.

Statements made by the trial court to the jury, after verdict and prior to sentence, in which the court explained that appellant had now been tried again with benefit of counsel and that he would be given the same sentence as previously imposed with credit for the time served, were in no way improper, and do not constitute error or lack of due process either in the trial or in the sentencing of appellant. Appellant was given credit for the time served under the former invalid sentence. Cf. *Com. ex rel. Townsend v. Burke,* supra, 361 Pa. 35, 42, 63 A. 2d 77.

We have carefully considered all the questions raised by appellant. We are of the opinion that no reversible error was committed at his trial in the court below, and that he was not denied due process of law in his trial, conviction, and sentence.

Judgment and sentence of the court below are affirmed.