## Commonwealth ex rel. Wallace, Appellant, v. Burke.

Submitted September 26, 1951. Before RHODES, P. J.; HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Charlton P. Wallace*, appellant, in propria persona, submitted a brief.

*James W. Tracey, Jr.*, First Assistant District Attorney and *John H. Maurer*, District Attorney, for appellee.

PER CURIAM, November 15, 1951:

Relator has appealed from the order of the Court of Quarter Sessions of Philadelphia County dismissing his petition for writ of habeas corpus. The order was entered on March 22, 1951, after hearing.

On February 5, 1945, relator was tried and convicted in the Court of Oyer and Terminer of Philadelphia County on two bills of indictment charging incestuous rape. On bill No. 560, January Sessions, 1945, he was sentenced to imprisonment in the Eastern State

Penitentiary for a term of not less than two and one-half years nor more than five years. No sentence was imposed on the other bill, No. 561, January Sessions, 1945.

On February 21, 1945, the court on its own motion set aside the sentence and granted a new trial. Relator was again tried, before another judge, and convicted on both bills on April 18, 1945. He was thereupon sentenced on bill No. 560 to serve a term of not less than seven and one-half years nor more than fifteen years in the Eastern State Penitentiary, and on bill No. 561 to serve a term of not less than two and one-half years nor more than five years in the same institution, the sentences to run consecutively. On May 1, 1945, within the term during which the sentences were imposed, the court reconsidered both sentences and sentenced relator to a term of not less than five years nor more than fifteen years in the Eastern State Penitentiary on bill No. 560, and to a term of not less than two years nor more than five years in said institution on bill No. 561, the sentences to run consecutively. The effective date of the first sentence was January 24, 1945.

Relator complains that the action of the trial court in granting a new trial on its own motion was illegal; that it was not within the power of the court; that it was done in relator's absence; and that the result thereof, by reason of the second trial, was to place him in double jeopardy.

We are unable to find any merit in his complaints. As stated in *Com: v. Gabor,* 209 Pa. 201, 204, 58 A. 278, 279: "The right of a court to order a new trial of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury." This rule is equally applicable to criminal and civil cases. See *Com. v. Jones,* 303 Pa. 551, 154 A. 480; *Brown v. George,* 344 Pa. 399, 25 A. 2d 691; *Tate v. Metropolitan Life*

*Insurance Co.,* 149 Pa. Superior Ct. 558, 27 A. 2d 283.

The fact that relator was not present in court when the court granted a new trial did not affect the validity of the proceedings. *Jewell v. Commonwealth,* 22 Pa. 94.

Relator's contention as to double jeopardy is lacking entirely in substance, and discloses an absence of comprehension of its meaning. Former jeopardy must be specially pleaded in the trial court, and may not be raised under a plea of not guilty such as relator entered prior to his second trial. *Com. v. Gibbs,* 167 Pa. Superior Ct. 79, 74 A. 2d 750; *Com. ex rel. v. Richards,* 274 Pa. 467, 118 A. 433. However, this failure by relator is of no consequence in the present case, because, as we said in *Com. v. Townsend,* 167 Pa. Superior Ct. 71, 76, 74 A. 2d 746, 749: "The plea of former jeopardy under Article I, section 10, of the Constitution of Pennsylvania is available to defendant in a capital case only. Com. v. Simpson, 310 Pa. 380, 165 A. 498; Com. v. Beiderman, 109 Pa. Superior Ct. 70, 73, 165 A. 765. The provision in the Fifth Amendment to the Constitution of the United States prohibiting double jeopardy is a limitation on the powers of the Federal Government and is not a limitation upon the states. Com. v. Simpson, supra, 310 Pa. 380, 388, 165 A. 498; Com. ex rel. Garland v. Ashe, 344 Pa. 407, 408, 26 A. 2d 190."

Relator previously filed a petition for writ of habeas corpus in this Court in which he alleged that he had been denied his constitutional right of equal protection under the law, and that the sentences imposed after the new trial were illegal. We refused the writ, and we repeat what we said in an unreported opinion of March 5, 1946, Pa. Superior Ct., Misc. Docket No. 5, No. 398: "The granting of a new trial sets aside the verdict. Com. v. Bishop, 69 Pa. Superior Ct. 435. 'When a court grants a new trial, the necessary effect thereof is to set aside the prior judgment and leave the case as though no trial had been held: ... By the operation of an order

granting a new trial, the cause, in contemplation of law, is precisely in the same condition as if no previous trial had been held': Giles v. Ryan, 317 Pa. 65, 69, 176 A. 1. See, also, Cimino v. Laub, 157 Pa. Superior Ct. 371, 43 A. 2d 446."

Order is affirmed.