## Commonwealth v. Kemmerer

*John Deutsch,* District Attorney, and *George T. McKinley,* Assistant District Attorney, for Commonwealth.

*Sidney R. Webb,* for defendant.

HEIMBACH, P. J., June 19, 1967,—We have before us, in a trial by the court without a jury, a stipulation of counsel for defendant and the Commonwealth of the evidence we are to consider in lieu of testimony.

Defendant is charged in the information with intentionally operating a motor vehicle upon a public highway after his operator's privileges had been suspended, contrary to section 624 (6) of The Vehicle Code of April 29, 1959, P. L. 58.

The grand jury approved bill of indictment charges defendant with unlawfully operating a motor vehicle upon a public highway after his operator's license had been suspended. Reference in such bill is made to section 624 (6).

The stipulated facts are:

1. On October 10, 1966, pursuant to section 1404 of The Vehicle Code of 1959, defendant's operator's

license was suspended by the Secretary of Revenue for failure to post financial security following an automobile accident.

2. Defendant, since birth, has been a resident of Pennsylvania, and on October 10, 1966, was the holder of a Pennsylvania motor vehicle operator's license.

3. On January 24, 1967, defendant was stopped while operating a motor vehicle on a public road in Carbon County and was charged as stated supra.

Defendant says he must be discharged because the provisions of section 624(6) do not apply where a suspension of an operator's license results under the provisions of section 1404(b). In such case, he argues, section 1432(a) alone is applicable.

Section 624(6) of The Vehicle Code of April 29, 1959, P. L. 58, makes it unlawful for any person, "To operate a motor vehicle . . . upon the highways of this Commonwealth after the operating privilege is suspended . . . and before such operating privilege has been reinstated". The penalty for a violation is a fine of not less than $100 and not more than $500, and costs of prosecution, or/and undergo imprisonment for not more than three years.

Section 1404(b) of The Vehicle Code mandates the secretary to suspend the operator's license of a resident of the Commonwealth and the operating privileges of a nonresident operator who fails to post financial security following an automobile accident after notice to do so.

Section 1432(a) of The Vehicle Code provides that "Any person whose license . . . or nonresident's operating privilege has been suspended . . . under this article [Article XIV] and who during such suspension . . . drives any motor vehicle upon any highway, . . . shall be guilty of a misdemeanor, and upon conviction, shall be fined not more than . . . $500.00 or imprisoned not exceeding six (6) months, or both. . . ."

There is merit in defendant's contention.

Defendant's operator's license was suspended under the provisions of section 1404 (b), of The Vehicle Code, and a violation of this section may be brought only under section 1432 (a) of such code, since the maximum sentence he is subject to is a fine not exceeding $500 or/and imprisonment not exceeding six months, and may not be brought under section 624 (6), where the penalty provides for a minimum fine of $100, a maximum fine of $500, and/or imprisonment for a maximum term of three years.

The Vehicle Code of 1959, supra, repealed (section 1501) The Vehicle Code of May 1, 1929, P. L. 905. Section 620 (b) of the Code of 1929, including penalties, was reenacted and became section 624 (6) of The Vehicle Code of 1959. Likewise, The Vehicle Code of 1959 repealed (section 1501) the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340. Section 5 of the latter act provided for the suspension of a resident operator's license for failure to post proper security following an accident, and section 32 (a) provided penalties for the violation thereof.

Section 32 (a) of the Motor Vehicle Safety Responsibility Act was reenacted. The phraseology and penalties (sections 5 and 32 (a), supra) were adopted and used in sections 1404 (b) and 1432 (a) of The Vehicle Code of 1959.

It was held in two cases decided under The Vehicle Code of 1929 and the Motor Vehicle Safety Responsibility Act of 1945, viz., Commonwealth v. Sheaffer, 12 D. & C. 2d 768, and Commonwealth v. Taylor, 17 D. & C. 2d 486, that the provisions of section 620 (b) of the Vehicle Code and section 32 (a) of the Motor Vehicle Safety Responsibility Act were not in conflict with each other and a prosecution under 620 (b) of The Vehicle Code for a violation of the provisions of section 32 (a) of the Motor Vehicle Safety Responsi-

bility Act, notwithstanding the different penalties provided, could be brought.

In view of the absolute repeal of the Motor Vehicle Safety Responsibility Act and the inclusion of the provisions of sections 5 and 32(a) in separate sections of The Vehicle Code of 1959, it is our opinion the reasons for the conclusions reached in the cases cited cannot now be supported. It is our opinion that a violation of an order of suspension of an operator's license for a resident or the privilege to operate of a nonresident for failure to post financial security must be brought under section 1432(a) of the code and may not be brought under section 624(6) of the code.

The question is, is defendant properly charged with a violation of section 1432(a) of The Vehicle Code of 1959? We think he has been so charged.

As stated supra, defendant in the information is charged with intentionally operating a motor vehicle upon a public highway after his operating privilege had been suspended, contrary to section 624(6) of The Vehicle Code. We hold, notwithstanding the phraseology and the reference made to section 624(6) of The Vehicle Code, the information charges an offense that is prohibited under section 1432(a) of The Vehicle Code.

An information used to institute a criminal proceeding does not have to set forth the charges with the particularity of an indictment. It is enough if the information states a criminal offense committed by defendant, its general nature, and its time and place: Commonwealth ex rel. Garland, v. Ashe 344 Pa. 407.

Rule 104 of the Pennsylvania Rules of Criminal Procedure, adopted by the Supreme Court of Pennsylvania June 30, 1964, follows decisional law. It is provided in such rule, inter alia, that the complaint shall contain, "(6) A summary of the facts sufficient to advise the defendant of the nature of the offense charged,

but neither the evidence nor the statute allegedly violated need be cited in the complaint, . . ."

Defendant was a licensed operator at the time of the accident which gave rise to his operator's license being properly suspended by the secretary. The operation of a motor vehicle on a public highway after the suspension of a license and before reinstatement is made a crime by section 1432(a) of The Vehicle Code of 1959. It is likewise a crime under section 624(6) of such code to so operate a vehicle after operating privileges have been suspended.

It is a matter of semantics that where a license has been suspended, the holder thereof no longer enjoys the privilege to operate a motor vehicle until such suspension is terminated. Webster's International Dictionary, 2d ed., inter alia, defines "suspension" as an act of "suspending or state or period of being suspended, or temporarily stopped, interrupted, abrogated, etc.; as a temporary forced withdrawal from the exercise of office, powers, prerogative, privileges as a member or communicant, etc."

Thus an information that charges one whose license has, in fact, been suspended with operating a motor vehicle while his privilege to so operate has been suspended, and complies generally with Rule 104 of the Rules of Criminal Procedure, supra, as is true in the instant matter, fully apprises such person of the nature of the offense charged and is sufficient.

The indictment approved by the grand jury likewise meets the requirements of Rule 213(b) of the Rules of Criminal Procedure, which provides:

"(b) An indictment shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

"(1) A caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

"(2) The name of the defendant, or if he is unknown, a description of him as nearly as may be;

"(3) The date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

"(4) The county where the offense is alleged to have been committed;

"(5) A plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; and

"(6) A concluding statement that 'all of which is against the peace and dignity of the Commonwealth'. and Rule 213 (c), which provides:

"(c) The indictment may contain the official or customary citation of the statute, or other provision of law which the defendant is alleged therein to have violated, but the omission of, or error in such citation, shall not affect the validity or sufficiency of the indictment".

Wherefore, we enter the following

### ORDER

Now, June 19, 1967, defendant, Leroy Thomas Kemmerer, is found guilty of the charge of operating a motor vehicle while his license was suspended and defendant is ordered to appear for sentence on Thursday, July 27, 1967, at 10 a.m.